VOROUS and others, Respondents, vs. THE PHENIX INSUR-
ANCE COMPANY OF BROOKLYN, NEW YORK, Appellant.

*January 16 — January 31, 1899.*

*Fire insurance: Certificate of magistrate: Amendment and repeal of statutes.*

Under ch. 195, Laws of 1891, the insurance commissioner prescribed a form for fire insurance policies, to be known as the Wisconsin standard policy, in which was a clause requiring the insured, in case of loss, to furnish a certificate of the magistrate or notary public (not interested in the claim, etc.) living nearest the place of the fire. Ch. 124, Laws of 1893, provided that whenever a certificate of a magistrate or notary should be required under a policy it should be a sufficient compliance on the part of the assured to furnish a certificate of any magistrate or notary residing in the county, not interested, etc. Afterwards, the act of 1891 having been held invalid, the legislature by ch. 387, Laws of 1895, prescribed as the Wisconsin standard policy the form previously prescribed by the insurance commissioner. The act of 1895 repealed all acts conflicting therewith, but did not undertake to revise the law on the subject of insurance. *Held,* that the act of 1893 was not repealed or modified, and that, notwithstanding the standard policy required a certificate from the nearest magistrate or notary, a certificate from any magistrate or notary in the county was sufficient.

APPEAL from a judgment of the circuit court for Door county: S. D. HASTINGS, JR., Circuit Judge. *Affirmed.*

For the appellant there were briefs by *Mylrea, Marchetti & Bird,* and oral argument by *W. H. Mylrea.* They argued, among other things, that the provision in the policy as to a certificate was valid and binding. *Cayon v. Dwelling House Ins. Co.* 68 Wis. 510; *Killips v. Putnam F. Ins. Co.* 28 Wis. 472; *Badger v. Glens Falls Ins. Co.* 49 Wis. 389; *Wright v. Hartford F. Ins. Co.* 36 Wis. 522. The standard fire policy established by ch. 387, Laws of 1895, makes the condition as to such a certificate essential, and by implication repeals ch. 124, Laws of 1893. *State v. Campbell,* 44

Wis. 529.    The court cannot avoid the plain requirement of the statute by construction.    *Travelers' Ins. Co. v. Fricke,* 94 Wis. 258.

*H. O. Fairchild,* of counsel, for the respondents.

CASSODAY, C. J.    This is an action on a policy of insurance issued by the defendant to the plaintiff *Vorous,* April 20, 1897, wherein and whereby it agreed to insure him to the amount of $750, for the term of one year, against all direct loss or damage by fire, to wit, $600 on the one-story frame building occupied by him as a general store and situate on the premises described, and $150 on counters, shelving, and safe while therein.    It was therein stipulated and agreed that the loss, if any, on the building, should be payable to Joannes Bros., mortgagees, as their interest might appear.    The members of that firm are plaintiffs in this action.    On July 7, 1897, the building and counters and shelving were burned and totally destroyed by fire, and the safe was also injured to the extent of $20.    The complaint is in the usual form in such cases.    The defendant answered by way of admissions and denials and counter allegations, and, among others, one to the effect that the plaintiff *Vorous* had failed to furnish a certificate of the magistrate or notary living nearest the place of the fire, as required by the defendant and the policy.

The cause was tried by the court, and at the close of the trial it was found, as matters of fact, in effect, that all the allegations of the complaint were true, and that the plaintiff had performed all the conditions of the policy, except that *Vorous* had failed to furnish a certificate of the magistrate or notary public (not interested in the claim as a creditor or otherwise, nor related to the insured) living nearest the place of the fire, stating that he had examined the circumstances, and believed the insured had honestly sustained loss to the amount to be certified by such magistrate or notary public; that, in due time after the fire, the defendant

duly demanded of *Vorous* that he furnish the certificate; that the magistrate or notary public living nearest the place of such fire was one Samuel Churches, who resided and had his office about eighty rods from the place of the fire; that the magistrate or notary public next nearest the place of fire was one Goodletson, who resided and had his office in the county about four miles from the place of the fire; that, upon such demand being made on the plaintiff *Vorous*, he took immediate steps to procure such certificate of said Churches, and for that purpose called upon Churches, and requested him to make such certificate; that Churches, having heard some rumors reflecting upon the honesty of the loss, and having no personal knowledge of the extent or honesty of the same, and then being, as the fact is found, a bitter enemy of the plaintiff *Vorous*, and unwilling, by reason thereof, to do anything which would benefit or be an accommodation to him, or to make any investigation of the facts concerning the loss to ascertain the truth thereof, arbitrarily and unjustly refused to make or give his certificate or to do anything in the premises; that Churches then and there assigned, as his only reason for such refusal, the enmity and ill will aforesaid, and his unwillingness to do aught to accommodate or benefit *Vorous*, and intended to and did induce the belief in the minds of *Vorous* and his attorney that such was his only reason for his refusal; that, reasonably relying on such belief, this suit was brought; that Churches assigned no other reason than as aforesaid for his refusal until he became a witness in this action, and testified that, had he known that the loss was an honest loss, he would not have made such refusal; that the plaintiff *Vorous* used due diligence to procure from Churches his certificate, and, without fault on his part, failed to procure the same or to furnish it to the defendant; that the plaintiff *Vorous*, having, without his fault, failed to procure or furnish the certificate of Churches, procured in due season and due form the

certificate of Goodletson, and delivered it to the defendant; that neither Churches nor Goodletson was a relative or creditor of the plaintiff *Vorous*, nor was he interested in any part of the recovery under the policy; that the certificate of Churches was not waived by the defendant in any manner (except as the facts so found constitute such a waiver); that the plaintiff *Vorous*, by reason of such fire, suffered loss and damage under such policy in the sum of $750; that the loss and damage, by the terms of the policy, became and were due and payable September 29, 1897, but no part thereof has ever been paid.

As conclusions of law, the court found that the plaintiff *Vorous* was excused from procuring and delivering to the defendant the certificate of Churches; that the production and delivery to the defendant of the certificate of Goodletson was a sufficient compliance with the conditions of the policy; that the plaintiffs were entitled to recover from the defendant $750, with interest from September 29, 1897, together with their costs of suit; and ordered judgment accordingly.

From the judgment so entered thereon the defendant brings this appeal.

The only defense claimed by the defendant is the failure of the plaintiffs to obtain the certificate of Churches. In 1891 the legislature passed an act entitled "An act to provide for a uniform policy of fire insurance," etc. Laws of 1891, ch. 195. The first section of the act required the insurance commissioner to prepare and file in his office, on or before September 1, 1891, a printed form, in blank, of a contract or policy of fire insurance, together with such provisions, agreements, or conditions as might be indorsed thereon or added thereto and form a part of such contract or policy; and such form, when so filed, should be known and designated as the "Wisconsin standard policy," and to be as near as the same could be made applicable to the type and form

of the "New York standard fire insurance policy." Such form of policy was prepared and filed by the insurance commissioner within the time required. The form of policy so prepared and filed by the commissioner required "a certificate of the magistrate or notary public . . . living nearest the place of the fire," etc., as subsequently required by ch. 387, Laws of 1895 (p. 783). In 1893 an act was passed by the legislature entitled "An act relating to fire insurance policies," and provided that "whenever any fire insurance company under any of the provisions of its policy shall require the assured, in case of loss or damage by fire, to furnish a certificate or statement of a magistrate or notary public it shall be a sufficient compliance on the part of the assured to furnish a certificate or statement of any magistrate or notary public residing in the county where the fire occurs who shall not be interested in the claim or related to the assured." Laws of 1893, ch. 124. The manifest purpose of that act was to provide that such certificate or statement of a magistrate or notary public residing in the county where the fire occurred should be a sufficient compliance with what was then generally supposed to be the valid standard policy of 1891, or any other policy. In December, 1893, this court assumed that the form of policy so prepared and filed by the insurance commissioner was a valid law. *Bourgeois v. N. W. Nat. Ins. Co.* 86 Wis. 606. But subsequently a question arose as to the validity of the form of policy so prepared and filed by the insurance commissioner in 1891, and finally it was held to be invalid by this court, on the ground that the legislature could not, under the constitution, delegate to such commissioner the power to prescribe such form of policy, which power is vested exclusively in the legislature. *Dowling v. Lancashire Ins. Co.* 92 Wis. 63. To obviate such objection to the validity of ch. 195, Laws of 1891, the legislature, in 1895, passed an act entitled "An act to provide for a uniform policy of fire insurance to be known as

the Wisconsin standard fire insurance policy," etc., wherein and whereby the legislature itself prescribed a *form of policy.* That act made no change in the form prepared and filed by the insurance commissioner in 1891, but simply gave vitality and force to such form by direct action of the legislature, and thus continued the same in force. True, that act provides that all acts and parts of acts conflicting therewith were thereby repealed. Laws of 1895, ch. 387, sec. 5. But it is to be remembered that the act does not undertake to revise the law on the subject of insurance, but merely to prescribe one form of policy, which is to be uniform, and all other forms of fire insurance policies, with certain exceptions, are thereby forbidden. Sec. 3. We are constrained to hold that it did not repeal, alter, or modify ch. 124, Laws of 1893. We must regard that chapter, therefore, as still in force. Under that chapter, the certificate in question was sufficient. This is in harmony with the ruling of the trial court.

*By the Court.*— The judgment of the circuit court is affirmed.

BARDEEN, J., took no part.