TEMPLE, Respondent, vs. THE NIAGARA FIRE INSURANCE COMPANY, Appellant.

*February 8 — February 26, 1901.*

*Fire insurance: Standard policy: Option to rebuild: Valued policy clause.*

1. The standard policy of fire insurance is a statutory law as well as a contract and should be treated and construed accordingly.
2. The standard fire insurance policy provides (sec. 1941–44, Stats. 1898) that the liability of an insurance company thereunder shall be limited to the actual cash value of the property at the time any loss or damage occurs, except when otherwise provided by statute; that such liability shall not exceed the cost of repairing or replacing the property; and that it shall be optional with the insurer to repair, rebuild, or replace the property within a reasonable time by giving notice to that effect. *Held*, that the insurer has an option to rebuild a building which has been wholly destroyed, notwithstanding the provision of sec. 1943 that the amount written in a policy upon real property which has been wholly destroyed must be taken conclusively to be the true value of the property when insured and the true amount of loss and the measure of damages when destroyed.

APPEAL from a judgment of the circuit court for Dunn county: E. W. HELMS, Circuit Judge. *Reversed.*

For the appellant there was a brief signed by *W D. Van Dyke*, of counsel, and oral argument by *Mr. Van Dyke* and *Mr. F. V. Brown.*

For the respondent there was a brief by *E. B. & R. E. Bundy*, and oral argument by *R. E. Bundy.*

CASSODAY, C. J.    It appears from the record, and is undisputed, that prior to January 15, 1900, the plaintiff was the owner of a two-story frame hotel building situated in the village of Knapp, and had procured thereon, and then held, seven policies of insurance, each insuring him against all direct loss or damage by fire to said building, to the amount

stated in such policies, respectively, issued by the several
defendants herein, together aggregating the sum of $6,000,
which policies were each and all in the form of the Wisconsin standard fire insurance policy, as established by secs.
1941–43 to 1941–62, Stats. 1898; that January 15, 1900, the
hotel building described, of the plaintiff, was wholly destroyed by fire; that on or about February 14, 1900, the
plaintiff served due proofs of such loss upon each of such
insurance companies; that on or about March 9, 1900, notice in writing was served on the plaintiff for and in behalf
of each and all of such insurance companies, wherein and
whereby they each and all elected, in effect, to rebuild said
hotel pursuant to the terms of their respective policies without any unreasonable delay, and thereby notified and required the plaintiff to furnish the companies or their adjuster
with verified plans and specifications for such rebuilding, as
requested in a former letter, and that any delay in furnishing the same would necessarily result in delaying such rebuilding; that on or about March 27, 1900, the plaintiff
replied in writing to such notice, to the effect that he did
not wish the companies to rebuild the building, that he
would not accept any building which might be built by such
companies in satisfaction of such loss, that such building was wholly destroyed, and that he was entitled to the
amount of his written insurance, and would insist on the
payment of the same; that on or about April 11, 1900,
the adjuster in behalf of each and all of such insurance companies again notified the plaintiff that the plans called for
by such companies February 26, 1900, and again March 9,
1900, had not been received, that such companies were waiting for the plaintiff to furnish such plans and specifications
in order that the hotel might be rebuilt and completed in
the same manner as it was at the time of the fire, January 15,
1900, and that, if he failed to furnish such plans and specifications within a reasonable time from that date, the insur-

ance companies would proceed to rebuild his hotel from the best information obtainable with reference to the plans of the same, and the quality and variety of the various kinds of material contained in the building at the time of the fire; that on or about April 16, 1900, the plaintiff replied to the effect that, in order to avoid any technical want of performance of the contract on his part, he had determined to furnish the plans and specifications thereunto attached, but did not furnish them for the purpose of having the companies rebuild his hotel; that he thereby notified the companies that he did not consent to their rebuilding the same on his premises, that he would not accept any building placed thereon in satisfaction of the loss in whole or in part, that the building was totally destroyed, and that he claimed the full amount of the insurance, $6,000, in cash, and would insist upon its payment.

On or about April 24, 1900, the plaintiff, in pursuance of sec. 2609a, Stats. 1898, commenced this action against each and all of such companies and upon each and all of such policies, and demanded judgment against each company for the amount of the policy issued by it, and interest thereon. Each of said seven defendants answered, setting up such standard policy, and the election of all the defendants to rebuild, as stated, and the fact that they had within a reasonable time entered upon the rebuilding of such hotel, and were then engaged in such rebuilding under the clause of the policy authorizing them to so rebuild, and that the same was being done according to the plans and specifications so furnished by the plaintiff.

The cause so at issue having been tried, and at the close of the testimony, the jury, by direction of the court, returned a verdict to the effect that they found for the plaintiff and against the defendants, respectively, for the following amounts, to wit, against the appellant, *The Niagara Fire Insurance Company*, $1,025; The Hanover Insurance Com-

pany, $1,025; The Manhattan Fire Insurance Company, $512.50; The Boston Insurance Company, $512.50; The Milwaukee Mechanics' Insurance Company, $1,025; The Providence-Washington Insurance Company, $1,025; The North British & Mercantile Insurance Company, $1,025. From the judgment entered upon that verdict accordingly, the defendant *The Niagara Fire Insurance Company* brings this appeal.

Counsel for the plaintiff contends, and the trial court obviously held, that the defendants had no optional right, under the standard policies in question, to rebuild the hotel. Secs. 1941–43 to 1941–62, Stats. 1898. This is put upon the ground that another section of the statute, which has been in force for many years, requires that " the amount of the insurance written in " a policy upon real property which had been " wholly destroyed ", shall " be taken conclusively to be the true value of the property when insured, and the true amount of loss and the measure of damages when destroyed." Sec. 1943, Stats. 1898. It is conceded that the hotel in question was wholly destroyed. Under such statute this court has frequently held that the amount written in such a policy must, in the language of the statute, " be taken conclusively to be the true value of the property," and for the amount of the loss and the measure of damages, as therein stated, any provision of a written contract to the contrary notwithstanding. *Reilly v. Franklin Ins. Co.* 43 Wis. 449; *Thompson v. Citizens' Ins. Co.* 45. Wis. 388; *Seyk v. Millers' Nat. Ins. Co.* 74 Wis. 67. The same rule applies where there are several policies in different companies upon the real estate so destroyed. *Oshkosh G. L. Co. v. Germania F. Ins. Co.* 71 Wis. 454. No one is here contending that the aggregate amount of insurance written in the seven policies, amounting to $6,000, is not to " be taken conclusively" as the true value of the property destroyed. The contention on the part of the plaintiff is that the standard policy is a mere

contract, and that, in so far as it purports to give the companies the optional right to rebuild, it is, under the adjudications cited, in conflict with sec. 1943, Stats. 1898, and hence void. The difficulty with this contention is that, although in the form of a contract, yet each of the seven policies is in the terms expressly prescribed by the statutes. Secs. 1941–43 to 1941–62. It is the only form of policy which either of the defendants had the right to issue upon the property in question, and the only contract for such insurance which the parties had the power to make. Sec. 1941–64. The clause in the policy giving the defendants the optional right to rebuild was not made a part of the policy merely by virtue of the agreement of the parties, but also by the express command of the statute. *Hamilton v. Royal Ins. Co.* 156 N. Y. 336. This court has repeatedly treated and construed the standard policy as a statutory law as well as a contract. *Bourgeois v. N. W. Nat. Ins. Co.* 86 Wis. 606, 610; *Straker v. Phenix Ins. Co.* 101 Wis. 419; *Hobkirk v. Phœnix Ins. Co.* 102 Wis. 16. And *Vorous v. Phenix Ins. Co.* 102 Wis. 80, cited by counsel, is not in conflict with what has been stated. Being a law as well as a contract, its provisions were all binding upon the parties. One provision of the standard policy limits the liability of an insurance company to " the actual cash value of the property at the time any loss or damage accrues," " except when otherwise provided by statute;" and then provides that such liability shall "in no event exceed what it would then cost the insured to repair or replace the same with material of the like kind and quality." Sec. 1941–44, Stats. 1898. That is followed by the provision giving the optional right to rebuild, which declares that " It shall be optional, however, with this company to take all or any part of the articles at such ascertained or appraised value, and also to repair, rebuild, or replace the property lost or damaged with other of like kind and quality, within a reasonable time, on giving

notice within thirty days after the receipt of the proof herein required of its intention to do so; but there can be no abandonment to this company of the property described." Sec. 1941–44. Sec. 1943, as to the conclusiveness of the value of the property destroyed and the amount of loss and damage, must be construed in connection with these provisions of the statute, and, when so construed, there is no necessary conflict. It follows from what has been said that the several defendants, by electing to rebuild as stated, had the right to rebuild the hotel in accordance with the plans and specifications furnished by the plaintiff. It appears from the uncontradicted evidence that the defendants, and each of them, within a reasonable time, did rebuild and reconstruct such building in full in accordance with the plans and specifications thereof so furnished by the plaintiff, and that the building was fully completed by the defendants on or about August 25, 1900, and that the same was within a reasonable time. A verdict should have been directed in favor of the defendant.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.

A motion for a rehearing was, on April 30, 1901, held to have been waived by failure to serve and submit the arguments within the time required by Rule XX of this court.