LINGELBACH, Respondent, vs. THERESA VILLAGE MUTUAL FIRE INSURANCE COMPANY, Appellant.

*October 8—October 28, 1913.*

*Fire insurance: Proofs of loss: Waiver: Change of possession: Personal property: Bailment.*

1. Where from the time of a loss the insurer denies liability on the ground that the policy became void before the fire, the assured need not furnish proofs of loss as required in the policy.
2. The mere leaving of personal property in a building where insured, in the custody of an occupant of such building whose tenancy commenced after the date of the insurance and who

had no control of the property otherwise than to hold the same subject to the order of the assured, was not a change of possession within the meaning of a provision whereby the entire policy was to be void if any change should "take place in the interest, title, or possession of the subject of insurance."

APPEAL from a judgment of the circuit court for Marinette county: W. B. QUINLAN, Circuit Judge. *Affirmed.*

Action to recover on an insurance policy for loss, by fire, of certain personal property. The defendant denied liability. There was a conflict of evidence as to whether the assured owned the subject of the loss at the time of the fire; also as to whether proofs of loss were delivered to defendant. The loss was payable to a mortgagee as his interest might appear. The claim for loss was duly assigned to the mortgagee and he commenced the action therefor and prosecuted the same to judgment. The jury found, specially, in favor of plaintiff as regards ownership of the property and delivery of proofs of loss. The property was insured while in the building where located at the date of the insurance. There was evidence tending to prove that the assured, prior to the fire, turned the place of business where the property was situated over to another and left it with the latter as bailee until it was destroyed. The policy was in the standard form, containing the provision that "This entire policy . . . shall be void if . . . any change, other than by the death of an insured, take place in the interest, title, or possession of the subject of insurance (except change of occupants without increase of hazard), whether by legal process or judgment or by voluntary act of the insured or otherwise." There was a change of possession of the building where the property was situated when insured and where it was to remain during the life of the policy.

The court held that, as matter of law, there was no change of possession within the quoted provisions of the policy and rendered judgment for plaintiff upon the verdict.

For the appellant there was a brief by *Husting & Brother,* and oral argument by *Paul Husting.*

For the respondent there was a brief by *Classon & O'Kelliher,* and oral argument by *D. G. Classon.*

MARSHALL, J.   Three questions were considered by counsel for appellant of sufficient moment to warrant presenting them for decision, supported by argument.   We shall therefore limit our determination accordingly.

Firstly.   It is contended, the finding of the jury that respondent was the owner of the subject of the insurance at the time of the loss, is contrary to the evidence.   That the proof in respect to the matter presented a jury question is quite plain.   Such being the case and the result of the submission having been confirmed by the trial court, a very strong case in favor of appellant is necessary,—a case so strong as to leave no reasonable ground for the verdict to rest upon after giving due effect to the superior advantages which the trial court possessed for reaching a correct conclusion,—to warrant disturbing it.   We are unable to discover that such test is satisfied, and so it is considered that the decision on the subject of ownership is a verity.

Secondly.   It is contended that the finding in respondent's favor as to delivery of proofs of loss is contrary to the evidence.   The reason for not approving of the first contention applies to the second.   Moreover, it appears that appellant took the position from the start that the policy obligation was not in existence at the time of the fire by reason of circumstances rendering operative the forfeiture clause quoted in the statement.   That rendered compliance with the requirement as to furnishing proofs of loss unnecessary.

Thirdly.   It is contended that there was a change of possession, within the meaning of the quoted clause of the policy, rendering such a circumstance fatal to continuance of the insurance.   The finding in favor of respondent on the subject

of ownership necessarily involved the nature of possession of the property by the occupant of the building when the fire occurred. In the light of the evidence, if such possession were not incidental to ownership by such occupant or some person other than the assured, then it seems clear that it was a mere holding as bailee, as respondent's evidence tended to show. The trial court evidently so regarded the matter and we are unable to see any good reason for holding otherwise. So the question comes down to this: Is the mere leaving of personal property in a building where insured, in the custody of an occupant of such building whose tenancy commenced after the date of the insurance, and without any control over the property otherwise than to hold the same subject to the order of the assured, a change of possession within the meaning of the policy? As an original proposition it does not seem so and no authority has been presented by counsel, or has been discovered by our study of the subject, to the contrary. If control over the property had been surrendered to the new occupant of the building, disabling the assured for a time from repossessing himself of it, a different situation would be presented and a different result might possibly be reached than the one required by the particular circumstances.

Counsel cite to our attention *Cottingham v. Fireman's F. Ins. Co.* 10 Ky. Law Rep. 727, but the authority does not fit the present situation. There the subject of the insurance was real estate. The assured made an executory contract of sale and let the executory vendee into possession, creating such a changed condition that the former was disabled from regaining possession without consent of the latter so long as the occupant complied with his contract; and the court grounded its decision on such disability. Thus limited, the decision was characterized by a strong dissent upon the ground that any change of possession or occupancy, not increasing the hazard, is not within the forfeiture clause. We do not need to express any opinion on that point for the pur-

poses of this case, or go further than to hold that a mere change of custody without change of location or control is not within the class of changes which such clause was designed to cover.

*By the Court.*—The judgment is affirmed.