KUTSCHENREUTER, Respondent, vs. PROVIDENCE WASHINGTON INSURANCE COMPANY, Appellant.

*September 14—October 3, 1916.*

*Insurance: Proof of loss: Waiver: Denial of liability.*

An absolute denial of liability by an insurance company within the time limited for the furnishing of proof of loss renders that act unnecessary, even though the policy provides that failure to furnish such proof shall render the claim void.

APPEAL from an order of the circuit court for Milwaukee county: F. C. ESCHWEILER, Circuit Judge. *Affirmed.*

Plaintiff sued on an insurance policy which provided for payment of any loss only after a sworn statement of the loss furnished to the company by the assured within sixty days

after the loss, and further that failure to render such statement should render the claim void.

The complaint, after fully setting forth the issuance of the policy and the loss, alleged the giving of notice of the loss, but not the sworn statement, and further alleged in substance that the company, through its agents, within eight days after the loss, denied liability under the policy and about ten days later declined to further communicate with the plaintiff.

A general demurrer to the complaint was overruled and the defendant appeals.

For the appellant the cause was submitted on the brief of *Gill & Barry.*

*G. J. Davelaar,* for the respondent.

WINSLOW, C. J.    It is held in this case:

1. Under an insurance policy requiring the furnishing of a sworn statement by the assured as a condition precedent to the payment of loss, an absolute denial of liability by the company within the time limited for the furnishing of the statement renders that act unnecessary.    *McBride v. Republic F. Ins. Co.* 30 Wis. 562; *Lingelbach v. Theresa Village Mut. F. Ins. Co.* 154 Wis. 595, 143 N. W. 688.

2. An additional clause in such a policy making the claim void in case the sworn statement is not furnished adds nothing substantial to the policy so far as the furnishing of the statement is concerned.    A claim that cannot be collected is, in every practical sense, a void claim.    Hence the absolute denial of liability alleged in the complaint in the present case, if proven, will excuse the failure to furnish the sworn statement.

*By the Court.*—Order affirmed.

ESCHWEILER, J., took no part.