MENTING and others, Respondents, vs. GERMANIA FIRE IN-
SURANCE COMPANY and others, Appellants.

*April 3—April 29, 1919.*

*Fire insurance: Proofs of loss: Statute: Pleading: Sufficiency:
Abatement: Special pleading.*

1. Sub. 5, sec. 1946*i*, Stats., providing that proofs of loss shall not
   be made under fire insurance policies unless immediate no-
   tice of the fire be given to the chief of the fire department or
   to the state fire marshal, does not preclude an insured who did
   not give such notice from suing, at least where the defendant
   insurer failed to reject the proofs for the specific reason that
   the statute had not been complied with.
2. Denial by the insurer that the insured had fulfilled all the policy
   conditions or that the proofs of loss conformed to the policy
   is not a plea that the insured had failed to give the notice re-
   quired by sub. 5, sec. 1946*i*.
3. Where the failure of the insured to give immediate notice of the
   fire as required by sub. 5, sec. 1946*i*, would have only abated
   the suit against the insurer because prematurely brought, the
   objection that such notice was not given does not go to the
   merits and must be raised by special pleading.

APPEAL from a judgment of the municipal court of Lang-
lade county: T. W. HOGAN, Judge. *Affirmed.*

The appeal is from a judgment in favor of plaintiffs en-
tered in a consolidation of several actions upon several insur-
ance policies in the municipal court of Langlade county.

On October 4, 1917, a fire destroyed a quantity of lumber
on the premises of and near the sawmill of the firm of Ment-
ing & Hickey at Pence Lake, Langlade county, Wiscon-
sin. The policies were, as originally issued or subsequently
changed, to the firm of Menting & Hickey as assured, with a
provision that the loss or damage if any was payable to *Wolf
River Lumber Company,* plaintiff herein, which had an in-
terest in the property destroyed secured by mortgage.
Proofs of loss were sent by the insured to the various insur-
ance companies on December 1st. On January 29, 1918, at

the request of some or all of the insurance companies, an examination was had of plaintiff *Hickey* and certain officers or employees of the *Wolf River Lumber Company.* On February 1st separate actions were commenced, some in the circuit court and some in the municipal court of Langlade county, against the several insurance companies upon the respective policies. Thereafter, upon due proceedings had, the several actions were consolidated and trial had upon such consolidation in the municipal court. Upon the issue presented as to whether or not the plaintiff *Mrs. Menting,* or her husband, was the proper party plaintiff as a member of the firm of Menting & Hickey, the jury found that *Mrs. Menting* was such partner. They also found in the special verdict that the plaintiff *Wolf River Lumber Company* did not procure the fire to be set and that the fire was not set with the assent and connivance of the plaintiffs *Menting* and *Hickey* or either of them. By the sixth question they found that neither of the plaintiffs swore falsely touching any matter relating to the insurance, either in the proofs of loss furnished by them or in their examination held under the terms of the policy. And by the seventh question that none of the plaintiffs made any false representations or statements for the purpose of deceiving the insurance companies and the obtaining from them a greater amount of insurance than the plaintiffs were entitled to receive. By their answer to the third question they found the quantities and respective values of the different kinds of lumber destroyed by the fire.

Attached to each and following each of the policies in suit was a detachable clause reading:

*Notice of Fire Loss.* (Detach and mail.)
Date and hour, .....................
Probable cause, .....................
Place of fire, .......................
Probable amount of damage, $........
(Signed) ...............................
(Owner or occupant.)

Immediately following the same and as part thereof was sub. 5, sec. 1946i, Stats., reading:

"The occupant and owner of any premises upon which any fire shall occur shall immediately give written notice thereof, specifying the time, place, amount of damage, and cause so far as known, to the chief of the fire department when the property is located where there is a fire department, or if there be none, then to the state fire marshal at Madison, Wisconsin.    Such notice may be sent by mail.    No proof of loss under any policy of insurance shall be made until such notice has been given by or in behalf of such occupant or owner, and a notice given by one shall be sufficient for both the owner and occupant. · A form for such notice, approved by the state fire marshal, reciting this subsection, shall be attached to every policy of fire insurance issued in this state."

Upon the trial it appeared that such notice had not been detached from any but one of the policies of insurance, and upon cross-examination of certain of the plaintiffs it appeared that none of them had taken any steps to notify the state fire marshal (there being no fire department at the place where the fire occurred) of such fire.    It did appear that at some time prior to the trial there had been an investigation made and examination held by the deputy fire marshal concerning ·the same, and testimony given by certain of the plaintiffs' witnesses on such examination was referred to and used on the trial by defendants.

The proofs of loss sent on behalf of the plaintiffs to the respective defendants on December 1st were retained by them and no specific objection made before trial that there had been a failure to comply with the provisions of the subsection just above quoted.

The complaint and answers in the several actions were substantially the same except as to dates and amounts, and each answer contained the following clause:

"Defendant denies that the plaintiffs duly fulfilled all the conditions of said insurance; but admits that Menting &

Hickey, sixty days before the bringing of the action, gave no-
tice to defendant of said fire and served, in form, proofs of
loss, and denies that said proofs of loss were as required by
said policy."

After the usual respective motions by the parties after ver-
dict the court directed a judgment for the plaintiffs for the
amount assessed by the jury, and from judgment entered in
accordance therewith the defendants have appealed.

For the appellants there was a brief by *Martin, Martin &*
*Martin* of Green Bay, and oral argument by *P. H. Martin*
and *John E. Martin*.

For the respondents there was a brief by *Goodrick & Mor-*
*son* of Antigo, and oral argument by *H. F. Morson* and *E. J.*
*Goodrick*.

ESCHWEILER, J.    The serious question presented in this
case is whether or not the clause in sub. 5, sec. 1946$i$, Stats.,
quoted above, to the effect that "No proof of loss under any
policy of insurance shall be made until such notice has been
given by or in behalf of such occupant or owner," is of such
force and vigor that a failure to give such notice shall de-
prive an insured, otherwise entitled to recover for a fire loss,
from any right to recover.

This subsection in question was created by ch. 489, Laws
1913.    No amendments have been made since then, nor has
it been presented for consideration to this court.    No spe-
cific penalty was therein or elsewhere provided for any viola-
tion of this section nor does any provision therein declare a
forfeiture of any rights of any such owner or occupant for a
violation thereof, unless such forfeiture can be read from the
language last above quoted.

Under the provisions of the Wisconsin standard policy of
fire insurance covering the policies included in this action,
provision is made for rendering to the insurance company by
the insured, within sixty days after the fire, a proof of loss

signed and sworn to by the insured, stating among other things the knowledge and belief of the insured as to the time and origin of the fire, the interest of the insured and of all the others in the property, etc., and that no suit or action on such policy for the recovery of any claim shall be sustainable in any court of law or equity unless there shall have been compliance with all the requirements of the policy, nor unless commenced within twelve months next after the fire. Such standard policy has been held to create rights and obligations of a statutory nature between parties thereto, besides the mere contractual relationship. *Temple v. Niagara F. Ins. Co.* 109 Wis. 372, 85 N. W. 361; *Rosenthal v. Ins. Co. of N. A.* 158 Wis. 550, 149 N. W. 155.

Upon this sub. 5, sec. 1946*i*, Stats., and the statutory effect given to the provisions of the Wisconsin standard policies, it is earnestly contended by the defendants that as it appears in this case that no notice was given by either owner or occupant of the premises upon which the fire occurred to the state fire marshal, what would otherwise have been deemed proper proofs of loss under the policy were mere nullities and could be absolutely disregarded, and that until such notice had been given there was an absolute want of any foundation for the commencement of suit upon the policies. It is further urged that, inasmuch as the time has now expired within which any suit could be brought under the terms of the policy, the defendants are entitled to a dismissal of the actions upon the merits.

It is apparent that the evident purpose of this statute is a part of the public policy of the state to minimize the fire losses caused by the careless as well as the incendiary, and that it was not passed merely with a view of furnishing insurance companies with a means of avoiding what would otherwise be a liability upon their contracts of insurance.

We do not, however, feel justified from a consideration of this statute to hold that it was intended to have such a

drastic and wide-sweeping effect upon contract rights as would be necessary to accord to it in order to sustain the defendants' contention. We are unable to find the clear and unmistakable expression of such intent that should be present to warrant us in holding that such a forfeiture was intended. Such a construction would necessitate the same penalty of total loss of secured contract rights of insurance upon one who failed to give such notice to a public official through the ignorance or carelessness of himself, his agent, or the occupant of his premises, as upon the incendiary who also failed for fear of incriminating himself if giving a true notice, or of adding the crime of perjury to that of arson if giving a false or misleading notice. The statute requires that notice shall be given immediately, with no definite designation of the time within which such notice shall be given in order to comply with it other than might be inferred from the provisions found in the standard policy requiring proofs of loss to be given within sixty days after the occurrence of a fire. To construe this statute as providing for an absolute forfeiture might well mean that he who gave the notice within twenty-four hours after the fire had complied therewith and saved his insurance, while he who gave it forty-eight hours thereafter had not given it immediately and had therefore lost his insurance. It makes no exceptions. Its drastic provision, if so construed, could not be avoided even where the insured might know that the proper public officials had learned from the public press or other sources of the fire, or even where the fire marshal had immediately acted upon such outside information and conducted an investigation or the statutory examination of the insured.

Moreover, the statute does not provide that in event of default in giving notice no recovery shall be had upon any policy of insurance, but that no proofs of loss shall be made until such notice has been given. There is this substantial difference between the two: the former expression might

well be construed as a legislative declaration that the courts
should not permit an insurer to recover at all, while the other
refers to a provision that may be nevertheless waived by the
insurer by acts or declarations.    *Kutschenreuter v. Provi-
dence Washington Ins. Co.* 164 Wis. 63, 159 N. W. 552.

While it is true that the effect of this decision may be to
make the language of the statute here involved more in the
nature of an exhortation to the insurer and an admonition as
to what he ought to do than a mandate so imperative that a
failure to comply absolutely sweeps out of existence substan-
tial contract rights secured to him for valuable consideration
and thereby most certainly impressing upon him the import-
ance of obeying the letter of the law, we are nevertheless in-
clined to the milder of the two constructions.

The defendants accepted and retained the proofs of loss,
and by the provisions in the answers set forth in the state-
ment herein deny that the plaintiff had fulfilled all the condi-
tions of said insurance and deny that the proofs of loss were
as required by said policy.    We do not consider this to be a
sufficient notice to plaintiffs that the defendants were rely-
ing upon any such statutory provision as is now asserted.
The contract of insurance between the parties did not by its
terms require the giving of this notice to the fire marshal.
It was required only by virtue of the independent statute.    A
denial, therefore, of the fulfilling by the insured of all the
conditions of the policy or that the proofs of loss were as
required by the policy is not a plea that there had been a
failure to give this statutory notice.    That although a copy
of such statute and apparently an approved form of notice
to be used was attached to the policies, yet it was additional
to, outside of, and not made a part of the contract between
the parties.

At the time the suits were commenced this failure to give
notice to the fire marshal, if effective to the defendants at all,
would have done no more than abate the suits because prema-
turely brought.    It did not go to their merits and therefore

Allen v. Wolf River L. Co. 169 Wis. 253.

it must be raised by special pleading. . *Dutcher v. Dutcher,* 39 Wis. 651, 660.

We have considered all of the other questions presented by defendants on this appeal. We do not consider it necessary to discuss them or to say any more than that none of them are well taken.

*By the Court.*—Judgment affirmed.