BROWN COUNTY, Respondent, vs. CITY OF GREEN BAY and others, Defendants : TOWN OF DRUMMOND, Appellant.

*September 13—October 10, 1944.*

The cause was submitted for the appellant on the brief of *Elizabeth Hawkes* of Washburn, and for the respondent on the brief of *Raymond J. Rahr,* district attorney.

FRITZ, J.   This appeal by the town of Drummond is from a circuit court's determination affirming an order, which was made by the state department of public welfare, division of public assistance, in a proceeding under sec. 49.03 (8a) (c), Stats., and which required the payment of $424.01 by Bayfield county to Brown county for relief furnished to Henry Mazur, whose legal settlement, Brown county contended, was and continued in the town of Drummond.   The parties to this appeal stipulated that "the only question in issue in the above-entitled matter is whether there was timely service of the notice of nonresidence" (as required by sec. 49.03 (3), Stats. 1935) ; that said notice was served on June 11, 1935, and the first relief granted and received was so granted and received on June 19, 1935 ; and that a bill of exceptions is waived.   To pass upon the issue thus stipulated it suffices to note the following undisputed facts.

Prior to April 28, 1935, Mazur's legal settlement was in the town of Drummond and there he received pauper support until he removed to Green Bay on about that date. He had spasmodic employment at Green Bay until June 5, 1935, when he applied there for pauper relief, claiming to be in destitute circumstances, and then executed the application form required of an applicant by the relief authorities. After the completion of their action on the application on June 8th so as to entitle Mazur to relief, the city's relief authorities caused written notice of the application to be served on June 11, 1935, on Bayfield county; which in turn then served notice on the defendant town. The first relief was not actually furnished to Mazur by Green Bay until June 19, 1935, after the exchange and receipt by the city's relief authorities of correspondence mentioned in the circuit judge's decision (which is part of the record on this appeal) as follows:

"According to the exhibits attached to the record on June 6th the Green Bay relief authorities wrote Mr. C. W. Smith, the director of relief at Washburn, regarding the Mazur case and gave him the information regarding the destitute circumstances and also stating that they were forwarding the nonresident notice. This letter was answered by the outdoor relief department of Bayfield county by a letter dated June 13, 1935, written by Pearl Hay, case supervisor, in which it was stated that Mazur's legal settlement was Bayfield county; that it was best for him under the circumstances to stay in Green Bay as there was no opportunity for him to secure employment in Bayfield county, and that Bayfield county would reimburse Brown county for any relief given to Mazur. There is also other correspondence relative to this case and the grocery order heretofore mentioned."

Appellant contends that because the notice was served on Bayfield county on June 11, 1935, which was before Green Bay actually gave the first relief to Mazur on June 19th, it was a nullity and ineffective as the notice required by sec.

49.03 (3), Stats. 1935. The provisions of this statute, so far as here material, are:

"The clerk of the municipality furnishing such relief shall, . . . and within ten days *after* such person becomes a public charge, shall serve upon the county clerk of his county a written notice which shall state the name of the person who *has received* public aid, the name of the municipality where such person claims a legal settlement, . . . and the date on which the first aid or support *was furnished*. In case such notice is not given within ten days, the same may be given at any other time, but the county shall be liable only for the expense incurred for the support of such person from and after the time of the giving of such notice."

Appellant contends that by reason of the use of the words which are italicized in the above-quoted provisions, the prescribed written notice as to the relief of nonresident indigents is not to be served until after the first of such relief has been furnished; and that therefore any service of such notice prior to the time the applicant for the relief has become a public charge is a nullity and of no effect. In connection with that contention and its claim that there are no existing equities whereby sec. 49.03 (3), Stats., might be qualified in this case, appellant relies upon the conclusion stated in *Holland v. Cedar Grove*, 230 Wis. 177, 188, 189, 282 N. W. 111, 282 N. W. 448, that "There are no equities between municipalities in respect to caring for and supporting paupers. The whole matter being purely and strictly statutory, there is no liability where a statute imposes none."

Appellant argues that the notice was misleading for the reason that Mazur did not become a public charge in Green Bay until the relief was actually furnished after the service of the notice on Bayfield county; and that the town of legal settlement is not concluded by mere service of such notice, because that is necessary for the purpose of giving such town an

opportunity to determine whether it will provide direct aid, or seek a removal order on an application to the county or municipal judge under sec. 49.03 (9), Stats., "for an order directing such poor person to return to the county or municipality of his legal settlement." And in this connection appellant argues that if the defendant county or town had sought a removal order on June 11, 1935, the date of the service of the nonresident notice, or at any time prior to June 19, 1935, such an order would have been unobtainable because Mazur was not given relief at any time between the 5th and 19th of June.

Appellant's contentions cannot be sustained. In view of the undisputed facts stated above,—including those mentioned in Judge DALEY's decision as to the knowledge of Bayfield county's outdoor relief department in respect to Mazur's legal settlement in that county, his destitute condition and necessity for pauper relief at the times material herein, and that it was then best for him to stay in Green Bay, as there was no opportunity for him to secure employment in Bayfield county; and that the latter would reimburse Brown county for any relief given to Mazur,—there is in this case no basis for or occasion to consider appellant's contention that the notice, which was served on June 11, 1935, in intended compliance with sec. 49.03 (3), Stats., was misleading to appellant or that, by reason of any statement therein, it was deprived of an opportunity to determine whether to provide direct aid or to seek a removal order on an application therefor under sec. 49.03 (9), Stats. Neither is there, under those undisputed facts, any substantial basis for sustaining appellant's contention that the notice served on June 11th was fatally defective and therefore a nullity and ineffective because inasmuch as Mazur was not actually furnished any relief by Green Bay until on June 19, 1935, there could not be in the notice the statements prescribed in sec. 49.03 (3), Stats., as to "the name of the person who has received public

aid" and "the date on which the first aid or support *was furnished*." Any error or omission in strictly complying with the matters thus prescribed because the aid had not actually been furnished by Green Bay to Mazur at the time the notice was given, did not in any manner affect or operate prejudicially or even disadvantageously to appellant. Moreover, neither of the matters thus prescribed to be stated in the notice constitute the controlling provision therein as to the time when the notice shall be served. In this latter respect the controlling words in sec. 49.03 (3), Stats., are that the notice shall be served "within ten days after such person becomes a public charge." In so far as Brown county and Green Bay are concerned, Mazur became a public charge there, and as such was entitled to be furnished at least first aid or support upon his execution of the application and the completion on June 8th by the relief authorities at Green Bay of all proceedings and documents necessary to entitle Mazur to be there accepted as a public charge and furnished the relief. Consequently, the service of the notice on June 11th was within the prescribed "ten days after such person becomes a public charge," and was therefore in due compliance with the statutory provision as to what was to be done for the protection of the defendant. At all events, as the learned circuit judge stated in his decision,—

"There were only a few days between the giving of the notice and the actual furnishing of the relief. It seems to us you might say this was all part of one transaction and that the notice was served 'reasonably contemporaneous' with the granting of aid. It is hard to see how the appellants were in any way deceived or in any way misled by the way the notice was actually given, or that aid was actually furnished thereafter. Also due notice was served by Bayfield county on the town of Drummond and if Mazur was not a subject for relief Bayfield county or the town of Drummond could have taken proper steps in such case, as provided, to protect their interests. In other words, if there are any equities it

is clear that Mazur was a resident of Bayfield county and was not a resident of Brown county, and that Bayfield county or the town of Drummond should be liable for the relief furnished. It seems to us that in this situation the provisions of the statute were substantially complied with, and that to hold otherwise this court would have to adopt a line of reasoning which in its opinion would be highly technical."

*By the Court.*—Order affirmed.

ROSENBERRY, C. J. (*dissenting*). I find myself unable to agree with the construction which the court has placed upon the provisions of sec. 49.03, Stats. 1935, a part of ch. 49, Stats., entitled "Relief and support of the poor." My reasons for dissenting are based upon the following considerations:

Sec. 49.03, Stats., relates to local relief of transient paupers. Sec. 49.03 (1), Stats., provides:

"When any person not having a legal settlement therein shall be taken sick, lame, or otherwise disabled in any town, city or village, or from any other cause shall be in need of relief as a poor person and shall not have money or property to pay his board, maintenance, attendance and medical aid and shall make a sworn statement as to his legal settlement, the town board, village board or common council shall provide such assistance to such persons as it may deem just and necessary, and if he shall die, it shall give him a decent burial. It shall make such allowance for such board, maintenance, nursing, medical aid and burial expenses as it shall deem just, and order the same to be paid out of the town, city, or village treasury."

Sec. 49.03 (3), Stats., provides:

"The clerk of the municipality *furnishing such relief* shall ascertain, if possible, the municipality in which such settlement is located, and *within ten days after such person becomes a public charge,* shall serve upon the county clerk of his county a written notice which shall state the name of the person who has received public aid, the name of the municipality where such person claims a legal settlement, or, if such place *could not, after due diligence, be ascertained,* a statement of such

fact, and the date on which the *first aid or support was furnished.* In case such notice is not given within ten days, the same may be given at any other time, but the county shall be liable only for the expense incurred for the support of such person from and after the time of the giving of such notice." (Italics supplied.)

It is my view that under the provisions of sub. (3) no duty is imposed upon the clerk of the municipality furnishing assistance to ascertain the settlement of the person aided or to give notice until after the relief has been furnished. I can put no other construction upon the language, "The clerk of the municipality furnishing such relief shall ascertain," etc.

It is also clear to my mind that a person does not become a public charge in the sense in which that term is used in the statute until relief has been furnished. A mere application for relief and its approval by the relief agencies does not constitute furnishing relief. It is merely a preliminary step. If no relief is furnished, no obligation arises and there is no necessity for ascertaining the place of settlement of the person aided nor to inform the municipality of his settlement that relief has been furnished.

It is provided by sec. 49.03 (4), Stats., that—

". . . In case such notice is not given within such ten days the same may be given at any other time, but the municipality so notified shall only be liable for the expense incurred by such county for the support of such person from and after the time of the giving of such notice."

The notice referred to in sub. (4) is the notice provided for in sub. (3). Sub. (3) requires the notice to contain a statement of the date on which the first aid or support was furnished. There can be no compliance with that provision until the aid has been furnished. While sub. (4) provides that notice may be given at any other time, the notice referred to is the notice required by sub. (3), which must be given

after relief is furnished and contain a statement of the date on which the aid or support was furnished.

In my opinion the failure to comply with the statute cannot be passed over because in this instance it appears to be of little consequence, no one having been misled. The giving of the statutory notice is a condition precedent to the right of the municipality furnishing the aid to recover from the county in which it is located and of the right of that county to recover from the county of the poor person's residence.

It is hardly necessary to cite cases to the proposition that where a statutory liability is made conditional upon the performance of certain acts prescribed by the statute, those acts must be performed in accordance with the terms of the statute. See *Binsfeld v. Home Mut. Ins. Co., ante,* p. 552, 15 N. W. (2d) 828.

The facts as stated by the relief director of the city of Green Bay are that Mazur made application to the city of Green Bay for relief on the 5th day of June, 1935; that on the 21st day of June, 1935, the first relief was supplied to Mazur. In disposing of this matter the state department of public welfare, division of public assistance, said:

"However, the advice of the attorney general to the effect that the notice must be given at the time relief is accorded is literally true. Notices cannot be given on speculation. The legislature has provided a plan of procedure. It is not unusual for local relief agencies to have the applicant execute the affidavit (pauper oath) and the nonresident notice (combined in the commercial forms) in the office at the time of application for relief, *and then to investigate and grant assistance.* There is danger in this practice relating to the time element. However, we have heretofore held that a notice is good if it is reasonably contemporaneous with the granting of aid."

It seems to me that this is a rather cavalier way of disposing of the explicit terms of a statute by an administrative agency

and a practice which ought not to be approved or condoned. If the division of public assistance can ignore a difference of sixteen days it can in effect amend the statute.

In my opinion the judgment should be reversed and the proceeding dismissed.