BINSFELD, Respondent, vs. HOME MUTUAL INSURANCE COMPANY, Appellant.

*September 13—October 10, 1944.*

For the appellant there was a brief by *Edward J. Byrne* of Appleton, and *Lehner & Lehner, Adolph P. Lehner,* and *Howard N. Lehner* of Oconto Falls, and oral argument by *Adolph P. Lehner.*

*Allan C. Cain* of Kaukauna, for the respondent.

FOWLER, J. The case is before us on appeal by the defendant from an order by its terms, (1) overruling defendant's plea in abatement; and (2) denying defendant's motion for a summary judgment dismissing the action.

The action is on a tornado insurance policy to recover the damage suffered by plaintiff for loss of insured property by a tornado. The defendant interposed a plea in abatement on the ground that no cause of action had accrued by reason of failure of the plaintiff to file a proof of loss such as is required by the policy as prerequisite to commencement of an action. The plaintiff did not demur to the plea, but moved "for an order dismissing the plea in abatement . . . and for such other relief . . . as shall be just." The defendant moved for a summary judgment of dismissal.

The two motions were heard together. The trial judge filed an opinion in writing indicating his decision. Following this, two orders were entered by the court, one prepared by plaintiff and signed by the trial judge January 22, 1944, and filed January 25th, which "ordered, that the plea in abatement be and the same is hereby disallowed and overruled," and the other prepared by defendant and dated January 31st and filed February 9th, ordering that, "(1) The plea in abatement be and hereby is overruled;" and "(2) defendant's motion for summary judgment of dismissal be and hereby is denied." The appeal is from the order of January 31st.

That a cause of action had not accrued when the action was begun may be interposed by a plea in abatement. 1 Enc. Pl. & Pr. 22; 4 Winslow's Forms, Pl. & Pr. (Wilkie) 34, note 2; 3 Bryant, Wis. Pl. & Pr. (Boesel & Henderson) p. 17, sec. 305, citing *Menting v. Germania Fire Ins. Co.* 169 Wis. 246, 171 N. W. 942; *Collette v. Weed,* 68 Wis. 428, 32 N. W. 753; and *Stephens v. Wheeler,* 193 Wis. 164, 213 N. W. 464. The *Wheeler Case,* page 168, seems to doubt whether the term "plea in abatement" is correctly applied to an answer alleging that the action is prematurely brought, but such answer is called a plea in abatement in *Cottrill v. Pinkerton,* 206 Wis. 218, 219, 239 N. W. 442. Anyhow it is a special plea and the result of it, when established, is a judgment dismissing the instant action.

In the written opinion of the trial judge is a paragraph reading as follows :

"Upon oral argument it was conceded by the attorneys for the defendants that the plaintiff might furnish adequate proof of loss and then start his lawsuit over. It thus becomes obvious that the motion for summary judgment is not timely, since the supreme court has laid down the rule repeatedly that a judgment, either summary or otherwise, should not be entered until the case is finally disposed of. The questions raised are therefore considered to be on a plea in abatement."

From this paragraph it is apparent that the trial judge considered that the defendant had no right to move for a summary judgment upon its plea in abatement. In this he was in error. Under the concession stated, which is correct in point of law, if the undisputed showing was that no action had accrued the defendant was entitled to dismissal of the instant action. A summary judgment may be entered in favor of the defendant upon notice on motion therefor supported by his affidavit setting forth "such evidentiary facts, including documents or copies thereof, . . . as shall show that his denials or *defenses* are sufficient to defeat the plaintiff" in the instant action unless the plaintiff files an affidavit denying them. Sec. 270.635, Stats. The trial judge took the view that the defendant must show facts sufficient to defeat the action on the merits. This was manifestly erroneous. By sub. (2), sec. 270.635, all that is required is that the defendant present undisputed, "such evidentiary facts, including documents or copies thereof, . . . as shall show that his denials or *defenses* are sufficient to defeat the plaintiff" in the instant action. The plea in abatement is necessarily an answer as the only pleading named in the code setting up a defense to the complaint is the answer. Sec. 263.05, Stats. The plea in abatement is a defense to the instant action, although not a defense on the merits. "Pleas in abatement are those which set up matter tending to *defeat* or suspend the *suit* or proceeding in which they are interposed, but which do not bar the plaintiff from

recommencing at some other time in some other way. They do not go to the merits of the claim or cause of action." 1 Enc. Pl. & Pr. pp. 1, 2. The trial judge misread the language of the statute next above quoted to refer to plaintiff's claim or cause of action instead of to the instant suit to which only it does refer. He was apparently led to the opinion that the summary-judgment statute did not apply by a statement in the *Cottrill Case, supra,* p. 220, that "The case then [on overruling the plea in abatement] should have proceeded to trial upon the merits." But there was no motion for a summary judgment in that case. That case came up on appeal from an order merely stating that the plea in abatement was overruled. Appeal only lies from an order that prevents a final judgment, sec. 274.33 (1), and the order there appealed from did not prevent such judgment, but required entry of such a judgment. A summary judgment, although entered on a plea that the action was prematurely brought, is a final judgment. In the language of sub. (2), sec. 270.635, above quoted, a summary judgment "defeats" the plaintiff's instant suit, although it does not defeat the claim or cause of action on which recovery is sought, as does a judgment on the merits.

The question for determination therefore is, Does the defendant's plea and the proof of loss and the terms of the policy, which are not disputed by affidavit or negatived by the allegations of the complaint, show that a cause of action on the policy had not accrued when the present action was commenced?

The complaint alleges and the answer admits that the policy in suit described the property of the plaintiff covered by it and that a barn covered by it was blown down by a windstorm; that the barn and some grain therein were destroyed by a storm. The policy contains, among others, the following provision:

The "insured shall, within sixty days after the windstorm, cyclone or tornado, . . . render to this company a proof of loss, signed and sworn to by the insured, stating the knowledge and belief of the insured as to the following: . . . The cash

value of each item thereof and the amount of loss or damage thereto, all other contracts of insurance, whether valid or not, covering any of said property; . . . and shall furnish a copy of all the descriptions and schedules in all policies. . . .

"The amount of loss or damage for which this company may be liable shall be payable in sixty (60) days after satisfactory proof of loss, as herein provided, is received by this company and ascertainment of the loss or damage is made either by agreement between the insured and this company expressed in writing or by the filing with this company of an award as herein provided. . . .

"No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, nor unless commenced within twelve months next after the windstorm, cyclone, or tornado."

The proof of loss first made did not conform to the proofs required by the policy in that it did not state the cash value of either the building or the grain destroyed or the loss sustained in either respect; nor did it state the contract evidenced by an existing tornado policy issued by the Niagara Fire Insurance Company; nor did it furnish a copy of the descriptions and schedules in the Niagara policy. A second proof of loss was offered, but this did not supply the deficiences of the first, particularly as to the contract descriptions and schedules of the Niagara policy. Both these proofs were objected to by the defendant as insufficient under the terms of its policy.

It is too plain for argument that by the terms of the policy compliance with its provisions as to the contents of the proof of loss is made a condition precedent to commencement of an action. *Blakeley v. Phœnix Ins. Co.* 20 Wis. *205. This case is cited and the rule thereof was referred to as existing in *Hart v. Fraternal Alliance,* 108 Wis. 490, 495, 84 N. W. 851. It is there said, as to a life insurance policy: "It was competent for the parties to stipulate such reasonable conditions as they pleased in regard to proofs of death." So as to the instant policy as to proofs of loss. The condition precedent the plaintiff failed to comply with in the *Blakeley Case, supra,*

was to furnish a copy of another existing policy covering the property involved.

*By the Court.*—The order of the circuit court is reversed with directions to enter a summary judgment dismissing the instant action, without prejudice to timely recommencement of another action on this policy upon the furnishing of proofs of loss in conformity to the terms of the policy. Costs of this court are awarded to the defendant.