The Chicago, Milwaukee & St. Paul R'y Co. vs. The State.

THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY CO. VS. THE STATE.

*November 11 — November 22, 1881.*

CONSTITUTIONAL LAW: ACTIONS AGAINST THE STATE: PLEADING. *What actions will lie against the state. Complaint must show claim disallowed by legislature.*

1. Under sec. 27, art. IV of the state constitution (which declares that "the legislature shall direct by law in what manner and in what courts suits may be brought against the state "), no action can be maintained directly against the state, in any court thereof, unless it is authorized by some statute.
2. Under sec. 3200, R. S., the complaint in an action against the state is bad, on general demurrer, unless it shows that the claim sued upon has been presented to and disallowed by the legislature.
3. Said section relates only to claims which if allowed render the state a *debtor* to the claimant; and no statute authorizes an equitable action directly against the state to restrain it from perpetrating a threatened injustice.

In the year 1871, the plaintiff company leased a short line of railway in this state of another company for twenty years, and has ever since operated the same. In 1880 the plaintiff purchased three short lines of railway of other companies by which the same were built, and has ever since owned and operated such lines. The gross earnings of each of these lines of railroad for the year 1880 were less than $3,000 per mile, and of one of them less than $1,500 per mile. The gross earnings of all the lines of railroad of the plaintiff company in this state (including the above lines) exceeded $3,000 per mile in 1880. The license fee which the plaintiff would be required to pay for 1881, computed at four per cent. on the gross earnings of all its lines in this state in 1880, is over $14,000 more than it would be were it computed separately upon the gross earnings of the lines thus leased and purchased, without reference to the plaintiff's other lines. The license fee was computed by the state treasurer on the former basis,

510 SUPREME COURT OF WISCONSIN,

The Chicago, Milwaukee & St. Paul R'y Co. vs. The State.

and the plaintiff was compelled to pay, and did pay, one-half the required amount in February, 1881, in order to obtain a license for that year to operate its railways. In August, 1881, the plaintiff paid to the state treasurer, on account of the balance of its license fee for that year, a sum less than it was required to pay in February preceding, and less than the state treasurer demanded, by a little more than $14,000. This alleged deficiency is the difference between the two modes of computing the license fee above mentioned. This action was brought in this court. The complaint states the facts in detail, of which the foregoing is a summary. The prayer for relief is as follows:

"*First*, that this honorable court will adjudge and determine that only the sum of $240,931.44 was due from said plaintiff to the state for license to operate said several railroads for the calendar year from January 1 to December 31, 1881, and restrain the said state treasurer and attorney general from any and all proceedings to collect any amount for said license in excess of said sums; *second*, that it will restrain all proceedings on the part of said state to collect the pecuniary penalty of $10,000, mentioned in section 1213, R. S., or from taking any proceedings to have the rights, privileges and franchises of said plaintiff forfeited, as provided in said section; *third*, and that, until the final hearing of said cause, a preliminary order may be made restraining said treasurer and attorney general from instituting any proceedings or taking any action for the collection of said penalty of $10,000, or the forfeiture of the rights, privileges and franchises of said plaintiff; *fourth*, for such further relief as may seem meet and proper in the premises."

The attorney general demurred to the complaint, assigning as grounds of demurrer that it appears on the face thereof, "(1) that the court has no jurisdiction of the person of the defendant or the subject of the action; (2) that the complaint does not state facts sufficient to constitute a cause of action."

*The Attorney General,* for the demurrer.

*John W. Cary, contra,* upon the question of jurisdiction, contended that sec. 27, art. IV of the state constitution, which provides that "the legislature shall direct by law in what manner and in what courts suits may be brought against the state," must be construed as establishing the right to sue the state, while imperatively enjoining the legislature to direct *the manner and the court* in which suits shall be brought. The object of sec. 3200, R. S., is to comply with and carry out these provisions of the constitution. In doing this, it was not competent for the legislature to prescribe that only one particular class of actions should be prosecuted against the state; though it might properly provide, as is done in said section, that pecuniary claims against the state should first be presented to the legislature before suit brought, thus applying in behalf of the state the policy that prevails in behalf of counties and towns. R. S., secs. 676, 824. If the section should be construed as prohibiting all except a limited class of actions against the state, the prohibition would be void as in conflict with the constitution, while the provision as to the manner and court would be valid. Since the constitution gives the right to sue the state, if the legislature had not acted upon the subject, any person having a cause of action might bring suit in the circuit court as the court of general jurisdiction, and the action would be commenced as other actions are commenced. It is the theory of the constitution that the state may prosecute actions in this court to assert, maintain, protect and enforce its sovereignty and prerogative rights or any matter *publici juris (Att'y Gen. v. Blossom,* 1 Wis., 317; *Att'y Gen. v. R. R. Cos.,* 35 id., 425); and as a corrollary the citizen has a right to come into this court for protection against the improper or unjust exercise of any of the sovereign powers and prerogatives. This is implied in the language of the court in the case last above cited, on pp. 415, 417–23.

512      SUPREME COURT OF WISCONSIN,

The Chicago, Milwaukee & St. Paul R'y Co. vs. The State.

LYON, J.   The constitution ordains that "the legislature shall direct by law in what manner and in what courts suits may be brought against the state." Art. IV, sec. 27.   It is provided by statute (R. S., 826, sec. 3200), that "it shall be competent for any person deeming himself aggrieved by the refusal of the legislature to allow any just claim against the state, to commence an action against the state by filing a complaint, setting forth fully and particularly the nature of such claim, with the clerk of the supreme court, either in term time or vacation."   Were this action otherwise within the statute, the complaint fails to aver a refusal by the legislature to allow the plaintiff's claim to be relieved from the payment of the unpaid license fee demanded by the state treasurer.   The effect of the statute is to make the refusal of the legislature to allow the claim a condition precedent to the right of the claimant to maintain an action on his claim.   This is a reasonable restriction upon the right to sue.   There are various statutes imposing restrictions of the same character upon the right to maintain actions against counties, towns and cities.   R. S., 241, sec. 676; id., 280, sec. 824.   These and like statutes have been uniformly upheld by this court.  *Wright v. Town of Merrimac*, 52 Wis., 466, and cases cited.   In *Benware v. Pine Valley*, decided herewith, we hold that the complaint in such an action which fails to aver performance of the condition precedent is fatally defective, and that the defect is reached by a general demurrer.   Hence, in any view of the present case, the demurrer to the complaint is well taken.

But we are clearly of the opinion that this action is not authorized by section 3200.   It is manifest from the language of the section, and from the whole chapter of which the section is a part, that the statute relates only to actions upon those ordinary claims against the state which, if valid, render the state a debtor to the claimant; and not to an equitable action brought directly against the state to restrain it from perpetrating an alleged threatened injustice.

The Chicago, Milwaukee & St. Paul R'y Co. vs. The State.

It remains to be determined whether the action can be maintained independently of the statute. It cannot be maintained unless the right to bring it is given in the provision of the constitution above quoted. The mandate contained therein is to the legislature to direct by law how and in what courts suits may be brought against the state. It may be, as the learned counsel for the plaintiff very forcibly argued, that the object and purpose of the provision was to give a remedy against the state for any actual or threatened wrong, as broadly as the law gives a remedy against an individual for the same cause. Yet the provision calls for the interposition of the legislature to make the right available. It is not self-executing, and manifestly was not so intended. Otherwise, the mandate would have been to the courts instead of the legislature, and the consent of the state to be sued for the same causes which would support actions against individual citizens, would have been expressly given. We are of the opinion, therefore, that an action of any kind directly against the state cannot be maintained in this or any other court, unless it is authorized by some statute of the state.

This is no new doctrine in this court. In *Bull v. Conroe*, 13 Wis., 233, the court had under consideration the clause of the constitution which ordains that " the privilege of the debtor to enjoy the necessary comforts of life shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale for the payment of any debt or liability hereafter contracted." Const., art. I, sec. 17. It was substantially held in that case that, should the legislature fail to obey the mandate of that clause, the courts cannot supply the deficiency; in other words, that such failure would be a wrong for which there is no judicial remedy. The case seems to be precisely in point on the question here involved.

The demurrer must be sustained on the first ground assigned; hence, we do not consider the case on the merits.

*By the Court.*— Demurrer sustained.