STATE EX REL. MARTIN, Attorney General, Petitioner, vs. REIS, Circuit Judge, Respondent.

*February 10—March 7, 1939.*

684

For the petitioner there was a brief by the *Attorney General* and *Warren H. Resh,* assistant attorney general, and oral argument by *Mr. Resh.*

*Lowell T. Thronson* of Madison, for the respondent.

ROSENBERRY, C. J.    William Newton Nichols began an action on the 7th day of December, 1938, against the state of Wisconsin on account of work and labor performed. Concurrently, there was served upon the attorney general an order to show cause why an order should not be issued by the circuit court for Dane county, directing the clerk of that court that ch. 285, Stats., which requires a bond to be filed in ac-

tions against the state, has no application to the action begun by Nichols for the reason that the action involves a wage claim and the plaintiff in such an action is permitted to maintain the action without giving security for costs by virtue of sec. 103.39 (3), Stats. On December 9, 1938, the state moved to set aside the service of the summons upon the ground that the bond required by ch. 285, Stats., had not been given. The circuit court overruled the motion to set aside the service and directed the clerk of the circuit court that no bond for security for costs was required in said action, the circuit court being of the opinion that sec. 103.39 (3), Stats., governs.

The question here for decision is not whether the respondent Nichols should give security for costs in an action brought to enforce a wage claim. If that were the only question involved, this court would not have exercised its supervisory control. The fundamental question to be determined in this case is, Does a regulatory statute of general application apply to the sovereign, the state itself? It is not disputed that it is an established principle of law that no action will lie against a sovereign state in the absence of express legislative permission. It is further established that when a sovereign permits itself to be sued upon certain conditions, compliance therewith is a jurisdictional matter, and a suit against the sovereign may not be maintained unless such conditions are complied with. *Chicago, Milwaukee & St. Paul R. Co. v. State* (1881), 53 Wis. 509, 10 N. W. 560. Cases cited 42 A. L. R. 1477, 1478.

Confessedly, the plaintiff Nichols did not comply with the provisions of sec. 285.01, Stats. He contends that he is excused from compliance by the provisions of sec. 103.39 (3), the material part of which is as follows:

"In an action by an employee against his employer on a wage claim, no security for payment of costs shall be required."

The section is a part of ch. 103, Stats., entitled "Employment Regulations," under title 13, "Regulation of Industries."

Sec. 103.01 (3), Stats., provides:

"The term 'employer' shall mean and include every person, firm, corporation, agent, manager, representative, or other person having control or custody of any employment or place of employment, as herein defined."

This definition does not, however, apply to sec. 103.39 (3), Stats. The state, counties, cities, villages, and towns are not included in this definition.

By sec. 102.04 (1), (2), Stats., being the Workmen's Compensation Act, it is provided:

"The following shall constitute employers subject to the provisions of this chapter, within the meaning of section 102.03:

"(1) The state, each county, city, town, village, school district, sewer district, drainage district and other public or *quasi*-public corporations therein.

"(2) Every person, firm and private corporation (including any public service corporation), who usually employs three or more employees. . . ."

Sec. 101.01 (3), Stats., which is a part of ch. 101, Stats., entitled "Industrial Commission," provides that as used in secs. 101.01 to 101.29:

"The term 'employer' shall mean and include every person, firm, corporation, state, county, town, city, village, school district, sewer district, drainage district and other public or *quasi*-public corporations as well as any agent, manager, representative or other person having control or custody of any employment, place of employment or of any employee."

In ch. 108, Stats., relating to unemployment reserves and compensation, the term is differently defined.

Sec. 108.02 (4) (a), Stats., provides:

" 'Employer,' except where the term by its context clearly applies to each employer of one or more individuals in Wisconsin, means any person, partnership, association, corpora-

tion, whether domestic or foreign (or legal representatives or trustee in bankruptcy or receiver or trustee of a person, partnership, association or corporation, or legal representative of a deceased person), including this state and any municipal corporation or other political subdivision thereof. . . ."

Ch. 111, Stats., entitled "Labor Relations" defines the term as follows:

Sec. 111.02 (2) : "The term 'employer' includes any person acting in the interest of an employer, directly or indirectly, but does not include the state, or any political subdivision thereof, or any labor organization, or anyone acting in the capacity of officer or agent of such labor organization."

It is quite evident that the legislature has used the term "employer" in several different senses. Where it was the legislative intent that the term "employer" should include the state or any of its political subdivisions, it is explicitly so stated in the definition.

This raises for consideration the question whether a statute of general application containing no specific provision to the effect that the state is within it, applies to the state itself. It is universally held, both in this country and in England, that such statutes do not apply to the state unless the state is explicitly included by appropriate language. Ch. 103, Stats., of which sec. 103.39 (3), Stats, is a part, having by definition excluded from the term "employer" the state except so far as it is applicable to secs. 103.01 to 103.04, inclusive, we are left to the consideration of general principles in the determination of the question. Sec. 103.39 relates to when wages are payable and payment of wages by others. Sub. (1) provides :

"Every person, firm or corporation engaged in any enterprise or business for pecuniary profit within the state of Wisconsin," etc.

If any part of sec. 103.39, Stats., which is undoubtedly general in its application, applies to the state of Wisconsin, then every part of it applies.

By subd. (4) it is provided that any person, firm, or corporation violating the provisions of the section shall be guilty of a misdemeanor and subject to punishment by a fine or imprisonment in the county jail. It would seem not to require further argument to show that it would be ridiculous to apply the provisions of this general law to the state of Wisconsin. Not only that, if it should be held that in the absence of an explicit statement in the statute to that effect, the state is subject to this regulatory statute, it would be equally subject to every other general regulatory statute, and in every general law which might affect the state it would be necessary to insert an exception. For the reasons stated in *Chicago, Milwaukee & St. Paul R. Co. v. State, supra,* laws of general application do not apply to the sovereign.

The writ of prohibition should be made permanent for two reasons: (1) Failure to file bond as prescribed by sec. 285.01, Stats., is jurisdictional. The court acquires no jurisdiction until the bond is filed; (2) even if the bond is not jurisdictional, and suit is properly instituted, sec. 103.39 (3) has no application to the state itself.

Sec. 285.01, Stats., provides:

". . . The claimant may commence an action against the state by serving the summons and complaint on the attorney general or by leaving copies at his office and by filing with the clerk of court a bond," etc.

The filing of the bond is as essential to jurisdiction as service of the summons. The filing of the bond is just as much jurisdictional as a showing that the claim has been disallowed by the legislature. *Chicago, Milwaukee & St. Paul R. Co. v. State, supra.* A citizen in order to maintain an action against the state must comply with the conditions upon which the state has consented that it may be sued.

*By the Court.*—Let the writ issue.