Potts and another, Appellants, vs. Farmers Mutual Automobile Insurance Company, Respondent.

*December 4, 1939—January 16, 1940.*

314

For the appellants there was a brief by *Laus & Cook* of Oshkosh, and oral argument by *L. J. Cook.*

For the respondent there was a brief by *Sanborn, Blake & Aberg, Ernest H. Pett,* and *Edwin Conrad,* all of Madison, and oral argument by *Mr. Pett.*

FAIRCHILD, J.  The existence of a cause of action in plaintiff's favor is dependent upon the terms of the insurance contract.  Was the Insurance Company required under its policy issued to the Fox Motor Company to protect the driver of the car obtained from the Fox Motor Company, against damages for injury to a third person?  If the driver of the described car has a right to such protection, then the plaintiffs may recover from the defendant damages to the extent of the insurance; but if the driver is not so protected, either because of a breach of the contract or a lack of coverage, then they have no valid claim against the defendant.

The Fox Motor Company's car was driven by an unknown person when it collided with the car driven by Viola Potts. About 4 o'clock in the afternoon of June 18, 1938, this unknown person presented himself at the used-car lot of the Fox Motor Company and represented that he was very much interested in a Dodge sedan, saying his wife had seen the car

that morning and she too was interested in it. He stated that he lived on Atwood avenue in Madison, that he was employed, that he had a Chevrolet which he would like to trade, and he expressed a desire to try the car. He was permitted to do so, and after driving around for about twenty minutes, returned. At that time he stated his wife had driven the car in the meantime and liked it, and he expressed himself as being of the opinion that a deal could be made. He said he had left his wife up town to see about a dress and asked that he be allowed to take the car again to bring her back to talk over the matter. The representative of the Fox Motor Company assented to this proposal. Thereafter the unknown individual drove away. After an hour's time had elapsed the salesman became uneasy about the matter and notified his superiors. The Madison police were advised as to what had taken place, but nothing was heard of the car until the next day when the Fox Motor Company was notified that the car had been involved in an accident on the night of June 18, 1938, at Oshkosh, Wisconsin. Officers of the Fox Motor Company, a detective from the Madison police department, and members of the sheriff's force of Winnebago county made efforts to locate the driver, but these efforts were unsuccessful. The driver had disappeared, leaving no evidence by which the officers were able to trace him.

At the time of the collision there was in existence between the defendant and the Fox Motor Company the insurance contract referred to which by its provisions extended protection to a "customer" of the Fox Motor Company against liability for injury to third persons. This contract also contained a provision, set out in the statement of facts above, creating as a condition to such an additional assured being protected, that he co-operate with the Insurance Company in its defense to an action on the policy. The validity of the "unknown driver's" claim to protection therefore would rest upon his relation to the Fox Motor Company as a "cus-

tomer," and upon his exercising diligence and good faith in co-operating with the Insurance Company in investigating the cause of the collision for the purpose of determining whether a claim is just, what defense if any exists, and whether the claim is to be defended against or settlement thereof is to be made. *Bachhuber v. Boosalis,* 200 Wis. 574, 229 N. W. 117; *Buckner v. General Casualty Co.* 207 Wis. 303, 241 N. W. 342; *Hunt v. Dollar,* 224 Wis. 48, 271 N. W. 405.

The Fox Motor Company is engaged in a business to which the statutory exception to the omnibus coverage applies. Sec. 204.30 (3), Stats. It is engaged in the business of a public automobile garage and sales agency. The policy contains an indorsement entitled "garage public liability and property damage form" and the pertinent portions thereof read: "This agreement is extended to cover only the liability of the assured named . . . in the policy and the personal liability of . . . any customer of the named assured, if such liability is caused by the operation of any automobile . . . owned by or in charge of the named assured and covered by this policy." The Insurance Company insists first that the unknown driver was not a "customer" within the meaning of the provisions of the policy. The well-established law upon the subject sustains that contention. The wrongful taking possession of personal property either by force or fraud generally amounts to a conversion. *Roehrich v. Holt Motor Co.* 201 Minn. 586, 589, 277 N. W. 274, 26 R. C. L. p. 1110, § 20; 65 C. J. p. 33, § 43. One who acquires possession of property by the means here used is not a "customer." The driver obtained the consent to use the car by a trick. After injuring the plaintiff the driver fled from the scene, failed to report the accident, and he has not furnished any evidence or information or done anything to acquaint the Insurance Company with the cause of the collision; but rather he has avoided taking any part in or offering assistance in any way

in determining the merits of the claim which exists against him. While the establishment of this failure to co-operate would defeat a claim of liability as against the Insurance Company, it also corroborates the evidence offered to show that the driver was not a "customer" of the Fox Motor Company but a converter because of his fraudulently acquiring the automobile. He certainly exceeded the scope of any possible permission that can be inferred from the facts. The fraud practiced in securing the automobile destroyed the possibility of the driver's being a "customer," and the occasion for further investigation does not exist.

It results that there is a complete lack of relation or privity between the plaintiffs and defendant. The facts are too evident to support any other conclusion than that this unknown driver intended to convert the car. His conversion commences with his possession of the car when he left ostensibly to pick up his wife at a store up town. "The fraud perpetrated by him vitiated the alleged assent itself." *Roehrich v. Holt Motor Co., supra.*

The complaint of the Insurance Company that the judgment should have been for dismissal of the complaint and not a dismissal "without prejudice" is well founded. The purpose of summary judgment is to end the litigation when no triable issue exists. In such a case as is before us where a motion for a summary judgment is made on behalf of the defendant and the evidentiary facts, including the contract, show that its defense and denial of liability are sufficient to defeat the plaintiffs' claim, and that the action has no merit, a summary judgment is rightly given. The judgment is to be final unless one of the opposing parties shall bring affidavits or other proof showing facts which the court shall deem sufficient to entitle him to trial, and then it would follow that the motion for summary judgment would be denied. Sec. 270.635, Stats. On a motion for summary judgment

the court does not try the issues, but merely decides whether there is an issue for trial. *Holzinger v. Prudential Ins. Co.* 222 Wis. 456, 269 N. W. 306.

*By the Court.*—Judgment to be modified by striking therefrom the words "without prejudice" and as modified affirmed.