BINSFELD, Respondent, vs. HOME MUTUAL INSURANCE COMPANY, Appellant.

*May 17—June 15, 1945.*

For the appellant the cause was submitted on the brief of *Edward J. Byrne* of Appleton, and *Lehner & Lehner, Adolph P. Lehner,* and *Howard N. Lehner* of Oconto Falls.

*Allan C. Cain* of Kaukauna, for the respondent.

BARLOW, J.   The question presented is whether appellant is entitled to costs under ch. 271, Stats., on the granting of its motion for summary judgment dismissing respondent's complaint without prejudice to timely recommence another action,

Respondent, Edward Binsfeld, seeks to recover damages in an action at law against appellant, Home Mutual Insurance Company. Appellant filed a plea in abatement, and then made a motion for summary judgment dismissing respondent's complaint, for the reason that the proofs of loss submitted by respondent did not comply with the proofs required by the policy as a condition precedent to respondent's right to maintain the action. The circuit court overruled the plea in abatement and denied the motion for summary judgment, and on appeal this court granted summary judgment dismissing respondent's complaint. See 245 Wis. 552, 15 N. W. (2d) 828. The circuit court, pursuant to the mandate of this court, on November 27, 1944, entered an order, the material portion of which is as follows:

"The clerk will enter judgment dismissing this action in form and manner as by law provided, with costs."

December 4, 1944, judgment was entered dismissing the action with $108.37 costs and disbursements taxed in favor of appellant. Respondent moved for review of such taxation of costs, whereupon the court entered an order disallowing costs to the appellant, striking them from the judgment, and allowing appellant a $10 motion fee.

Respondent contends that costs under sec. 271.03 (1), (2), Stats., can be taxed only when the cause of action or the issues in difference between the parties have been fully determined and a final judgment entered. In the opinion of this court on the previous appeal (245 Wis. 552, 555, 15 N. W. (2d) 828) it was decided that "by sub. (2), sec. 270.635, all that is required is that the defendant present undisputed, 'such evidentiary facts, including documents or copies thereof, . . . as shall show that his denials or defenses are sufficient to defeat the plaintiff' in the instant action" to justify the granting of summary judgment. The error of

respondent's position is that he assumes the cause of action between the parties must be fully determined before summary judgment can be entered. Reliance is placed upon language used in cases where there was a final determination of the cause of action between the parties, citing *Holzinger v. Prudential Ins. Co.* (1936) 222 Wis. 456, 269 N. W. 306; *Potts v. Farmers Mut. Automobile Ins. Co.* (1940) 233 Wis. 313, 318, 289 N. W. 606.

There is nothing inconsistent with the former decision in this case and the language used in the above cases. Where it is said "the purpose of summary judgment is to end the litigation when no triable issue exists" it means in the particular action then pending. There is a distinction between a pending action and a cause of action. When respondent claims he has a cause of action against appellant, we do not take issue with him, but where he has failed to comply with the necessary requirements before he can enforce this cause of action, such as making proper proof of loss, there is no issue for trial, and summary judgment is proper.

It is argued that permitting motion for summary judgment after a special plea is set forth in the answer alleging that the action is prematurely brought, which is sometimes termed a plea in abatement, is contrary to the rule laid down in *Cottrill v. Pinkerton* (1931), 206 Wis. 218, 239 N. W. 442, which does not permit an appeal where the special plea is overruled. The trial court, in a written memorandum, says: "The original action which is brought untimely is as effectually dismissed as if it were on judgment except that it is not a final disposition of the case." It is considered the error in the trial court's statement is that it should properly state: "It is not a final disposition of the cause of action existing between the parties, but it is a final disposition of the instant case." The fact that a cause of action may accrue and an action may properly be commenced at some future time does not create an issue for trial in this action.

Claim is made that permitting a motion for summary judgment on a special plea to dismiss plaintiff's complaint will defeat the speedy trial of actions, as an appeal cannot be taken from an order overruling the plea. This would be true where the court properly overrules the plea, but in the instant case, if it had been set for trial after the special plea, or plea in abatement, was overruled, and it was then reversed by this court for failure to sustain the special plea, or plea in abatement, there would have been the expense of trial, together with equal or additional delay which would not produce a speedy and final trial of the issue between the parties. We can conceive, of course, where it could be used for purposes of delay.

From the foregoing conclusion that this is a final determination of the instant case, it follows from the decision in *French v. Continental Assur. Co.* (1938) 227 Wis. 203, 278 N. W. 388, that the appellant is entitled to costs under secs. 271.03 (1), (2), 271.04 (1), Stats., and its disbursements.

*By the Court.*—The order and amended judgment of the circuit court are reversed, with directions to amend the judgment by allowance of costs and disbursements in accordance with this opinion.