SEHLIN and another, Copartners, Appellants, vs. THE STATE, Respondent.

*February 8—March 8, 1950.*

498

For the appellants there were briefs by *Fugina, Kostner, Quinn & Ward* of Arcadia, and *George, Brehmer & McMahon* of Winona, Minnesota, and oral argument by *Clarence E. Fugina* and *C. Stanley McMahon*.

For the respondent there was a brief by the *Attorney General, Warren H. Resh* and *J. R. Wedlake,* assistant attorneys general, and oral argument by *Mr. Resh* and *Mr. Wedlake*.

HUGHES, J. It is unnecessary to determine in this proceeding whether plaintiffs actually acquired the right to the claim by operation of law or by assignment.

The claim denied by the legislature, which denial constitutes the basis of plaintiffs' right to maintain this action, states that plaintiffs "purchased and acquired the interest of A. A. Prendergast & Associates and Industrial Contracting Company named as parties of the second part in said contract," and assert their right to amounts claimed to be due on the contract "as assignees of the parties of the second part."

As was pointed out by the court in *Chicago, M. & St. P. R. Co. v. State* (1881), 53 Wis. 509, 512, 10 N. W. 560:

"The effect of the statute is to make the refusal of the legislature to allow the claim a condition precedent to the right of the claimant to maintain an action on his claim."

In *State ex rel. Martin v. Reis* (1939), 230 Wis. 683, 685, 284 N. W. 580, it was held that one suing the state

for wages had the duty of complying with the provisions of ch. 285, Stats., and that therefore the filing of a bond was a necessary condition precedent to the right to maintain the action. The court said:

"It is not disputed that it is an established principle of law that no action will lie against a sovereign state in the absence of express legislative permission. It is further established that when a sovereign permits itself to be sued upon certain conditions, compliance therewith is a jurisdictional matter, and a suit against the sovereign may not be maintained unless such conditions are complied with."

In the claim filed with the legislature the plaintiffs sought to recover as assignees of the original contracting parties. After that claim was disallowed by the legislature they brought this action upon the theory that they acquired rights by operation of law as successors to the original partnership and corporation. We are of the opinion that this suit cannot be maintained because the condition precedent, namely, the filing of the claim upon which suit is based and its disallowance, has not been complied with. As stated in 38 Am. Jur., Municipal Corporations, p. 391, sec. 685:

". . . it has been held that a notice filed by a husband claiming damages for injuries to his wife cannot be used to sustain an action by the wife; or a notice filed on behalf of an infant for injuries sustained by him cannot support an action by the infant's father for his own claim. One reason given for this view is that it is important that the municipal corporation know who has, or claims to have, a right of recovery of damages against it, since it might decline to recognize such a right on the part of the one who files a notice, on the ground that he had no claim in fact, while as to another for the same wrong a claim might be allowed as just."

In this case the legislature may have failed to consider the merits of the claim, but in reliance upon the facts stated in the claim filed, concluded that plaintiffs were simply

assignees of the original contracting parties and that as such they had no right under the contract. This would be a valid basis for rejection of the claim. The legislature has never had an opportunity to pass upon the question of whether the plaintiffs are rightful owners of the claim by operation of law, as successors to the original partners, and therefore the claim of the plaintiffs upon that basis has not been denied. At no place in the claim filed did the plaintiffs claim rights as surviving partners, nor in fact was any reference whatever made to their having been original partners at the time of the execution of the contract. On the contrary, they referred to themselves as "assignees" in four separate places in the claim. It cannot be said that they have complied with the statute in presenting the claim upon which they sue and afforded the state an opportunity to allow it before the commencement of suit. We are therefore of the opinion that the trial court correctly held the defendant was entitled to a summary judgment of dismissal. This appears to be the proper remedy where the action is prematurely brought. *Binsfeld v. Home Mut. Ins. Co.* (1945), 247 Wis. 273, 19 N. W. (2d) 240.

*By the Court.*—Judgment affirmed.

MARTIN, J., took no part.

BROADFOOT, J. (*dissenting*). A. A. Prendergast, P. A. Prendergast, A. A. Sehlin, and R. G. McGrail were the copartners doing business as A. A. Prendergast & Associates. They also owned practically all of the stock of Industrial Contracting Company. Work under the contract was completed in October, 1942. A. A. Prendergast died in 1943, thereby terminating the partnership. The plaintiffs acquired the interests of A. A. Prendergast and R. G. McGrail in the partnership and also in the corporation which was liquidated and dissolved. McGrail died later and the plaintiffs are the surviving partners of A. A. Prendergast & Associates.

The paragraph with reference to the assignments quoted in the decision was made a part of the contract by reference. The purpose of the paragraph is obvious. It was to prevent partial assignments of the amount due under the contract. It would be inconvenient and costly if the state had to deal separately with various subcontractors, the suppliers of cement, steel, and other materials required in the construction of the bridge, and with laborers. After the work has been completed and accepted the reason for the paragraph disappears and the state is only required to make one final settlement with the two survivors of the four original contractors. To say that the plaintiffs cannot now recover if they have a just claim because the claim filed with the legislature stated that they were assignees is highly technical. Although actual assignments were made to the plaintiffs by R. G. McGrail while living and by the personal representative of A. A. Prendergast after his death and by the corporation in anticipation of its dissolution, the plaintiffs as surviving partners would have received the same assignments by operation of law following the deaths of A. A. Prendergast and R. G. McGrail. The state admits that had the claims come to plaintiffs by operation of law the quoted provision of the contract would not be applicable. This is hairsplitting raised to a high degree. They were assignees when the claim was filed whether by actual assignment or by operation of law.

It is my opinion further that said provision is not applicable in this case because it prohibits assignments or orders "executed by the contractor." There has been no assignment, partial or otherwise, by the contractor to other persons. The claimants are the sole survivors of the contractors. They are the only persons who could file the claim.

The state is raising an unconscionable defense. It should be required to try the case on the merits.