Bryan, Respondent, v. Noble and another, Appellants.

*September 9—October 7, 1958.*

For the appellants there were briefs by *La France, Thompson, Greenquist, Evans & Dye* of Racine, and oral argument by *Alfred E. La France* and *William E. Dye*.

For the respondent there was a brief by *Foley, Capwell & Foley* of Racine, and oral argument by *Rex Capwell*.

HALLOWS, J. The appellants contend the release was not executed under a mutual mistake of fact. This is based on the statement in the adverse examination of the plaintiff that one of the doctors had suggested to the plaintiff the possibility of his condition being related to the automobile accident prior to the execution of the release. When plaintiff executed the release he did so voluntarily and there was no fraud, duress, or undue influence on the part of the adjuster. Respondent contends that there was a triable issue of fact as to the existence of a mutual mistake of fact. The affidavits show that the plaintiff consulted Dr. Charles W. Christenson, an orthopedic surgeon, on two occasions concerning the injury to his left ankle. On the first visit Dr. Christenson had the ankle X-rayed and taped, and on November 11th advised the plaintiff to see an internist. It also appears the plaintiff on adverse examination testified:

"*Q*. Had either of those doctors suggested to you the possibility of the condition being related to the automobile accident in advance of December 1st? *A*. Yes."

In another part of the examination the plaintiff testified:

"*Q*. Has any physician, Mr. Bryan, to this date who has examined your left lower leg or who has treated you indicated to you that this accident of October 29, 1955, has played any part in the symptomology that occurred on the date of November 30th? *A*. At a more-recent date Dr. Mc-

Hale explained that it could have been precipitated by the accident."

Dr. McHale states in his affidavit that on November 11, 1955, the first time he saw the plaintiff, he

". . . did not and could not relate the symptoms complained of to any occurrence at or during the auto accident. That at said time there were no marks on said foot or other signs of objective evidence showing disability thereto. That this physical examination did reveal a vascular and neurological disease and a physical examination of V. C. Bryan at that time revealed evidence of this disease in a number of ways."

At the time plaintiff executed the release he said he had a sprained ankle. He had also been advised by Dr. McHale that he was suffering from a complex vascular and neurological disease and that additional tests would be necessary to ascertain the exact type and extent of the physical disability. Arrangements were made for hospitalization of the plaintiff for these tests at Wood Veterans' Hospital at Milwaukee. There is a conflict in the evidence whether or not the plaintiff was told his arteriosclerotic condition was possibly related to the accident. The release for $63.60 was the amount of the bill of Dr. Christenson the X rayist, and an estimate of another bill but did not include the services of Dr. McHale. The evidence shows that the adjuster was told by the plaintiff that he had a sprained ankle, which was not questioned by the adjuster. The adjuster did not urge settlement at any time. He saw the plaintiff on two occasions, about a week apart. At the last meeting on December 1st the plaintiff indicated he would be willing to settle his claim for the bills he had received and the adjuster made the settlement for $63.60 and the plaintiff executed a release discharging the defendants from all claims of whatever kind or nature the plaintiff had or may thereafter have arising out of

or on account of all injuries to him including those known and unknown, developed or undeveloped, and unforeseen or unexpected developments and consequences of known injuries in any way relating to the accident. The plaintiff was not examined or advised by any doctors for the insured nor apparently was any discussion had with the adjuster concerning liability.

The trial court concluded from the amount of the payment and from the adjuster's assumption the plaintiff had a sprained ankle and it was the only injury the plaintiff sustained; that therefore the plaintiff's execution of the release was based on a mutual mistake of fact. The trial court in its opinion took the view that, even though one of the plaintiff's doctors suggested the possibility that the condition of the plaintiff's leg was related to the accident, the case of *Doyle v. Teasdale* (1953), 263 Wis. 328, 57 N. W. (2d) 381, applied. The court also relied on *Jandrt v. Milwaukee Auto Ins. Co.* (1949), 255 Wis. 618, 39 N. W. (2d) 698. Assuming the facts to be established as considered by the trial court, the *Doyle Case* is not applicable. Such facts would be governed by the rule laid down in *Kowalke v. Milwaukee E. R. & L. Co.* (1899), 103 Wis. 472, 79 N. W. 762, and the release would be valid. The *Kowalke Case* is to the point that where a party executes a release either ignorant of a fact or meaning to waive all inquiry into it, or waives an investigation or inquiry after his attention has been called to it or its possibility, he does not make a mistake in a legal sense and there is no mutual mistake of fact. The rule of the *Kowalke Case* was not altered by the *Doyle Case*.

The pleadings and the affidavits give rise to substantial issues on which there are facts to be established and inferences to be drawn therefrom. These are matters which cannot be resolved by a court on a motion for summary judgment. Partial knowledge of an insurance adjuster obtained

from an injured person and his willingness to pay certain doctor bills which that person is anxious to accept do not necessarily negative an intent of the adjuster and the injured person to settle all the claims set forth in the release which the injured person read and understood. The trial court erred in its reasons for denying summary judgment and should not have decided on a motion for summary judgment material facts over which there was a conflict. Upon a motion for summary judgment the court does not try the issues but decides whether there is an issue of fact for trial. *Potts v. Farmers Mut. Automobile Ins. Co.* (1940), 233 Wis. 313, 289 N. W. 606; *Milwaukee County v. Milwaukee Yacht Club* (1950), 256 Wis. 475, 41 N. W. (2d) 372; *Madigan v. Onalaska* (1950), 256 Wis. 398, 41 N. W. (2d) 206.

The defendant is not entitled to a summary judgment unless the facts presented conclusively show that the plaintiff's action has no merit and cannot be maintained. *Kluth v. Crosby* (1957), 275 Wis. 251, 81 N. W. (2d) 515. A court should deny summary judgment where the plaintiff has shown evidentiary facts which are sufficient to raise an issue with respect to the conclusiveness of a release and which the court deems sufficient to entitle him to a trial. Sec. 270.635, Stats. We are therefore affirming the order denying summary judgment on the ground there are substantial issues of fact to be tried.

*By the Court.*—Order appealed from affirmed.

MARTIN, C. J., took no part.