PHILIP E. LERMAN, Chairman, Department of Industry Labor andHuman Relations
You have asked whether I share the opinion of my predecessor, reported at 8 OAG 747 (1919), that the state minimum wage law does not apply to the state or its political subdivisions. This is to advise you that I agree with that opinion.
The minimum wage statutes at the time of that opinion did not specifically include units of government within the definition of an "employer" subject to the law. The same is true under the present definition. Section 104.01 (1), Wis. Stats., provides:
"The term `employer' shall mean and include every person, firm or corporation, agent, manager, representative, contractor, subcontractor or principal, or other person having control or direction of any person employed at any labor or responsible directly or indirectly for the wages of another "
Other statutes relating to employer-employe relations do specifically include units of government as subject to their provisions. Examples are: safe-place, sec. 101.01 (3); workmen's compensation, sec. 102.04 (1) (a); unemployment compensation, sec. 108.02 (4) (a); and employment relations, secs. 111.70 (1) (a) and 111.80, Stats. In addition, I note that Wisconsin's prevailing wage law in certain public construction is specific as to which units of government are subject to its terms. Sections 66.293 (3) (b), 103.49 (1) and 103.50 (1), Stats. *Page 48 
The older rule was that general statutes which do not, "either expressly or by necessary implication," refer to the state or a municipal corporation do not bind these governmental units. Statev. Milwaukee (1911), 145 Wis. 131 135, 129 N.W. 1101. Also seeSandberg v. State (1902), 113 Wis. 578, 589, 89 N.W. 504;Milwaukee v. McGregor (1909), 140 Wis. 35, 37, 121 N.W. 642;Sullivan v. School District (1923). 179 Wis. 502, 507,191 N.W. 1020; Necedah Mfg. Corp. v. Juneau County (1932), 206 Wis. 316,322, 237 N.W. 277.
More recent decisions have tightened the rule to be that statutes of general application "do not apply to the state unless the state is explicitly included by appropriate language." Stateex rel. Martin v. Reis (1939), 230 Wis. 683, 687, 284 N.W. 580. See also Sehlin v. State (1950), 256 Wis. 495, 500,41 N.W.2d 596; Konrad v. State (1958), 4 Wis.2d 532, 538-539,91 N.W.2d 203; Kenosha v. State (1967), 35 Wis.2d 317, 323, 151 N.W.2d 36. See also 82 C.J.S., Statutes, § 317.
This general rule of construction must yield, however, to overriding federal interests. Plumbers Local 298 v. County ofDoor (1959), 359 U.S. 354, 359, 79 S.Ct. 844, 847,3 L.ed. 2d 872, reversing Door County v. Plumbers Local 298 (1958),4 Wis.2d 142, 89 N.W.2d 920. I have not found any federal law which overturns this construction as applied to the minimum wage law.
In fact, the recent decision of the United States Supreme Court in United Federation of Postal Clerks v. Blount (1971), 404 U.S. 802,92 S.Ct. 80, 30 L.ed. 2d 38, supports the right of the government to exclude public employes from the benefits of the minimum wage law. In that decision, the Supreme Court affirmed without opinion a lower court holding, (D.C. D.C. 1971),325 F. Supp. 879, 883, that it is not an Equal Protection violation to deny federal public employes the right to strike while allowing employes in private industry the right to strike. The right to strike is of statutory origin, and is not a constitutional right. In the area of economics and social welfare the state may make a classification which results in some inequality if the classification has "some" reasonable basis. Dandridge v. Williams
(1970), 397 U.S. 471, 485, 90 S.Ct. 1153, 25 L.ed. 2d 491. This principle applies to Wisconsin's minimum wage law because the right to a minimum wage is not *Page 49 
such a "fundamental right" as to require a stricter standard of review. Bastardo v. Warren (W.D. Wis. 1971), 332 F. Supp. 501,503. Thus, since the government has the power to deny public employes the right to strike, and since the right to a minimum wage is not more sacrosanct than the right to strike, it follows that public employes can constitutionally be denied the benefits of the minimum wage law.
I conclude that the minimum wage law is not applicable to the state or its political subdivisions as employers within the meaning of sec. 104.01 (1), Stats. While it may be urged that employes of government are entitled equitably to protection in respect to minimum wages, absent any conflict with federal law or constitutional principles the matter is one of policy for the legislature.
RWW:CDH