Oliver L. BOLDT, Plaintiff-Respondent and
Cross-Appellant,

v.

STATE of Wisconsin, Defendant-Appellant and
Cross-Respondent.†

Court of Appeals

*No. 79–1508. Submitted on briefs March 27, 1980.—
Decided July 28, 1980.*
(Also reported in 297 N.W.2d 29.)

† Petitions for review granted.

For the appellant the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general, and *Charles A. Bleck,* assistant attorney general.

For the respondent the cause was submitted on the briefs of *Richard J. Lipson* of Madison.

Before Donlin, P.J., Foley, J., and Dean, J.

FOLEY, J. Oliver Boldt was held in state mental hospitals for almost thirteen years because he was adjudged incompetent to stand trial on a criminal charge. While Boldt was incarcerated, the state collected his social security disability benefits in the amount of $13,-661.65. Boldt, who was released in 1974, is now attempting to recover that money from the state. He is also asking for his actual attorney's fees incurred in recovering the money and for the actual interest earned by the state on the money.

The trial court ruled, in granting Boldt's motion for summary judgment, that although Boldt is entitled to recover, he is barred by the statute of limitations from recovering any part of the money collected prior to 1971. We agree that Boldt is entitled to recover, but conclude that no portion of his claim is barred by the statute of limitations. We therefore modify the judgment to award the entire $13,661.65.

The trial court awarded Boldt $1,500 for his attorney's fees in bringing this action, ruling that attorney's fees are recoverable in a §1983 action.[1] A §1983 action, how-

[1] 42 U.S.C.A. §1983 (West 1974) provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and

ever, cannot be maintained against the state, and actual attorney's fees are therefore not recoverable. Boldt is entitled only to statutory fees and costs. The trial court appropriately awarded Boldt interest at the statutory rate, and we affirm that portion of the judgment, subject to modification, to allow Boldt interest on the entire $13,661.65.

There are five basic issues raised in this case:

1. Can the circuit court waive the bond requirement of sec. 285.01, Stats., if the plaintiff is indigent?
2. Does the state have any claim to Boldt's social security disability benefits for its maintenance of Boldt during his period of confinement?
3. Is any portion of Boldt's claim barred by the statute of limitations?
4. Is Boldt entitled to recover his actual attorney's fees incurred in bringing this action?
5. Is Boldt entitled to recover the actual interest earned by the state on the money it collected?

## WAIVER OF BOND

Two circuit court judges ruled on the issue of whether Boldt was required to post bond pursuant to sec. 285.01, Stats.[2] Initially, the bond was waived. Subsequently, Boldt was required to post a $100 bond. The bond was posted, but the state contends that since it was not posted before the action was commenced, the trial court lacked jurisdiction over this matter. We conclude that

laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

[2] Section 285.01, Stats., provides:

Upon the refusal of the legislature to allow a claim against the state the claimant may commence an action against the state by service as provided in s. 801.11(3) and by filing with the clerk of court a bond, not exceeding $1,000, with 2 or more sureties, to be approved by the attorney general, to the effect that the claimant will indemnify the state against all costs that may accrue in such action and pay to the clerk of court all costs, in case the claimant fails to obtain judgment against the state.

the bond requirement of sec. 285.01 can be waived where the plaintiff is indigent.

In *State ex rel. Martin v. Reis,* 230 Wis. 683, 284 N.W. 580 (1939), the Wisconsin Supreme Court held that the posting of bond is a condition precedent to the commencement of an action against the state. In *Martin,* however, there was no showing that the plaintiff was indigent and unable to post a bond. The issue of whether the bond requirement of sec. 285.01 could be waived pursuant to sec. 814.29 (1) Stats.,[3] was not addressed.

The state argues that sec. 814.29 does not apply to an action against the state. If this were so, however, a person who could post the necessary bond could sue the state, while an indigent person could not. Although the state's consent is necessary before it can be sued, the state cannot impose conditions of consent that can be readily met by one class and not met at all by another. To construe secs. 814.29 and 285.01 in this way would be to create classifications that cause unequal treatment and for which there is no rational basis. This

---

[3] Section 814.29 (1), Stats., provides:

(1) Any person may commence, prosecute or defend any action or proceeding in any court, or any writ of error or appeal therein, without being required to give security for cost or to pay any service or clerk's fee or suit tax, upon filing in said court, and receiving approval of the affidavit by the court, his affidavit that because of his poverty he is unable to pay the costs of said action or proceeding, or any writ of error or appeal therein, or to give security for the same, and that he believes that he is entitled to the redress that he seeks in such action or proceeding, or writ of error or appeal, and setting forth briefly the nature of his cause or appeal, or defense. If such person subsequently recovers costs, the recovered amount shall first be applied to pay any service and filing fees which were waived under this subsection. Nothing contained in this section shall prevent the affiant from recovering any service or clerk's fees or any suit tax waived under this section. If such person subsequently recovers these costs, the recovered amount shall be used to pay any costs waived under this section.

would be violative of the equal protection clauses of the United States and Wisconsin Constitutions. *See Stanhope v. Brown County,* 90 Wis.2d 823, 280 N.W.2d 711 (1979). Since no legitimate state interest would be served by not allowing poor people to sue the state while allowing more affluent people to do so, the classifications sought by the state through its statutory construction have no rational basis. *See Omernik v. State,* 64 Wis.2d 6, 218 N.W.2d 734 (1974). We conclude, therefore, that where a person can show indigency, the bond requirement of sec. 285.01 may be waived.

STATE'S CLAIM TO BOLDT'S BENEFITS

The state contends that it should not have to give back any of the money it collected. It argues that Boldt's commitment was legal at the time he was committed, that it spent $105,448.05 on his care during the period, and that it is entitled to keep the $13,661.65 to help defray the expense. We conclude that the state has no claim to this money.

The Wisconsin Supreme Court has held that the state has no claim for support of an individual committed to a state institution pursuant only to a pending criminal charge. *In re Grams v. Wisconsin Department of Health & Social Services,* 63 Wis.2d 194, 216 N.W.2d 889 (1974).[4] The state asks that we distinguish *Grams* because in *Grams,* it was attempting to collect its expenses in supporting Grams from a conservatorship, while here it is only seeking to retain social security benefits paid specifically for Boldt's care and maintenance.

This procedural distinction is insufficient to distinguish *Grams.* Both Boldt and Grams were held on a

---

[4] *Grams* was based on a construction of §46.10(2), Stats., before its amendment by ch. 39, §347, 1975 WIS. LAWS. The current statute permits the state to make a claim for the care and maintenance of a person legally committed pursuant to §971.14(5), Stats.

pending criminal charge. Both were provided with care and maintenance by the state at a state institution. Both had some resources. Grams had money held in a conservatorship; Boldt was entitled to social security disability benefits. The Wisconsin Supreme Court has ruled that the state has no claim for the cost of care under these circumstances. The state, therefore, has no collectible claim.

The state also argues that material issues of fact exist, and summary judgment should not have been granted to Boldt. The state claims that Boldt's commitment was changed to a voluntary civil commitment sometime in 1973 or 1974. This would raise a material issue of fact because Boldt would be liable during his period of confinement for the cost of his care while under civil commitment. Section 46.10(2), Stats. (1973). We conclude that this issue of fact has not been raised, and summary judgment was appropriate. *Wright v. Hasley,* 86 Wis.2d 572, 273 N.W.2d 319 (1979).

There is absolutely nothing in the record before us, aside from a statement made by an assistant attorney general, that Boldt was ever legally civilly committed. This statement appears in an affidavit in opposition to Boldt's motion for summary judgment. The stated purpose of the affidavit was to identify documents, attached to the affidavit, which were turned over to the office of the attorney general by the Wisconsin Department of Health & Social Services. None of the documents show a civil commitment, and the statement claiming the civil commitment is not said to be made upon personal knowledge and does not set forth evidentiary facts. Section 802.08(3), Stats. It does not, therefore, raise a material issue of fact. As Boldt has established that money belonging to him was collected and is being retained by the

state without authority, summary judgment for Boldt was appropriate.

## STATUTE OF LIMITATIONS

Boldt's action is on a contract implied in law and is therefore subject to the six-year statute of limitations contained in sec. 893.19(3), Stats. As Boldt was incarcerated, *see Grams, supra,* the statute was tolled until one year after his release. Section 893.33, Stats. Claim filing requirements delayed Boldt's commencement of suit for almost four years. The trial court ruled that since Boldt had not actually commenced his action in court within the one-year period, the statute of limitations barred recovery of a portion of Boldt's claim. We conclude that Boldt was entitled to an additional tolling of the statute of limitations while the state considered his claim.

Boldt was in the custody of the state until November 4, 1974. He filed his claim against the state on May 16, 1974. The claim was not finally denied by the state legislature until March 13, 1978. The presentation of his claim for legislative consideration was required by secs. 16.007 and 16.53(8), Stats. Had he not first presented his claim to the legislature, his action was subject to dismissal. *Lister v. Board of Regents,* 72 Wis.2d 282, 240 N.W.2d 610 (1976). Boldt commenced this action on August 7, 1978, just five months after the legislature's refusal to allow his claim.

Every person is entitled to a remedy for a wrong. WIS. CONST. art. 1, §9. In *Rosenthal v. Kurtz,* 62 Wis. 2d 1, 213 N.W.2d 741 (1974), the court stated that a serious constitutional question was posed if the legislature, in contravention of a right statutorily recognized by it, bars the right before it arises. We see a similar problem here if Boldt, who is entitled to assert his claim against the state, is deprived of a portion of his claim

because of procedures established by the state. Holding that the statute of limitations was tolled in this case while the legislature considered Boldt's claim eliminates the problem. Our holding is also consistent with the strong public policy in Wisconsin to allow those with meritorious claims, who have been as diligent as possible, an opportunity to seek redress for their injuries. *Armes v. Kenosha County*, 81 Wis.2d 309, 260 N.W.2d 515 (1977).

ATTORNEY'S FEES

Boldt contends that he is entitled to recover the entire amount of his actual attorney's fees because actual attorney's fees are recoverable in an action brought under 42 U.S.C.A. §1983 (West 1974), or because a court in equity has the discretionary power to award actual attorney's fees. We agree that a §1983 action can be brought in a state court, *Terry v. Kolski*, 78 Wis.2d 475, 254 N.W.2d 704 (1977), and that attorney's fees would be recoverable under 42 U.S.C.A. §1988 (West 1974). We conclude, however, that attorney's fees cannot be recovered under §1988 here because a §1983 action cannot be maintained against the State of Wisconsin.

The Wisconsin Supreme Court has held that the state is not a "person" for the purpose of a §1983 action. *Lister, supra*. The state has never consented to be sued under §1983 and, because of sovereign immunity, cannot be sued under §1983. *Lister, supra*. Attorney's fees are not therefore recoverable on this basis.

Boldt also argues that he is entitled to actual attorney's fees because any court sitting in equity has discretion to award attorney's fees. *See Alyeska Pipeline Service Company v. Wilderness Society*, 421 U.S. 240 (1975). Boldt's action, however, is not an action in equity but an

action at law governed by equitable principles. *Hicks v. Milwaukee County*, 71 Wis.2d 401, 238 N.W.2d 509 (1976). Boldt cannot therefore recover his actual attorney's fees, and that portion of the judgment must be reversed.

INTEREST

The trial court awarded Boldt interest at the statutory rate of 5% per annum for sums received by the state prior to November 24, 1971, and 7% per annum for sums received after November 24, 1971. We conclude that interest at the legal rate of 5% as provided in sec. 138.04, Stats., should be applied to the entire amount of the judgment as modified. We reject both Boldt's contention that he is entitled to interest at the investment rate as well as the state's contention that no interest at all can be awarded.

The state argues that interest cannot be charged against it relying on *Holton & Hunkel Greenhouse Co. v. State*, 274 Wis. 337, 80 N.W.2d 371 (1957). *Holton & Hunkel* was based on *Frederick v. State*, 198 Wis. 399, 224 N.W. 110 (1929), which in turn was based on *Schlesinger v. State*, 195 Wis. 366, 218 N.W. 440 (1928). *Schlesinger* was overruled by the Wisconsin Supreme Court in *City of Milwaukee v. Firemen's Relief Ass'n*, 42 Wis.2d 23, 39, 165 N.W.2d 384, 393 (1969), where the court said:

We are satisfied that the legislative definition of the legal rate of interest, sec. 138.04, Stats., should be construed as being declaratory of the common law as it now exists and as applicable to all legal entities, including all branches of government, unless specifically exempted by legislative enactment. [Footnote omitted.]

The court also said that the right to collect interest is a substantive right that is not affected by the state's procedural immunity to suit. If a party can avoid the

immunity to suit, as through sec. 285.01, interest is collectible unless the legislature has specifically refused to allow interest. *Milwaukee County v. Schmidt*, 52 Wis. 2d 58, 187 N.W.2d 777 (1971) ; *City of Milwaukee, supra*. Since suit is authorized here and the legislature has not disallowed interest, Boldt has the same right to collect interest against the state as he would have against any party.

Boldt claims that he is entitled to interest at the investment rate arguing that under a theory of constructive trust, he is entitled to any actual benefit received by the state. Boldt's action was not, however, for a constructive trust, but an action at law. The state has not consented to be sued in an action for constructive trust, and such an action cannot be maintained against it. *Holzworth v. State*, 238 Wis. 63, 298 N.W. 163 (1941).

As in an action at law for liquidated damages, interest is generally at the legal rate. *Klug & Smith Company v. Sommer*, 83 Wis.2d 378, 265 N.W.2d 269 (1978) ; *Kilgust Heating Division of Wolff, Kubly & Hirsig, Inc. v. Kemp*, 70 Wis.2d 544, 235 N.W.2d 292 (1975). Even where a higher rate of interest is allowed based on actual benefit received, the legal rate will still be used where proof of the higher rate is impossible. *Kilgust, supra*. In this case, Boldt alleges that the state placed the money in its surplus and invested it, but we conclude that proof of any benefit received would be too speculative. Interest should therefore be awarded at the applicable statutory rate.

*By the Court.*—Judgment modified, and as modified affirmed.